AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Southern District of Florida, Miami Division |
|---|---|---|
| Name: Phillip Butler | Prisoner No. M21893 | Case No. 03-21979 CIV-UNGARO-BENAGES |
| Place of Confinement: Liberty Correctional Institution, 11064 N.W. Dempsey Barron Road, Bristol, Florida 32321 | | MAGISTRATE JUDGE WHITE |
| Name of Petitioner (include name under which convicted) PHILLIP BUTLER | Name of Respondent (authorized person having custody of petitioner) JAMES V. CROSBY, JR., Secretary Fla. Dept. of Corrections, et al. | |

The Attorney General of the State of: Charles J. Crist, Jr.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Eleventh Judicial Circuit Court, Miami, Florida

2. Date of judgment of conviction  August 16, 1999

3. Length of sentence  Natural life

4. Nature of offense involved (all counts)  4 counts Attempted Armed Robbery; 4 counts Armed Kidnapping; 1 count Armed Burglary with Assault

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

cat / div  Dade (2254)
Case #  03CV21979
Judge  UUB  Mag  VAW
Mem I/p
Receipt #  886360  Fee pd $

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Third District Court of Appeal

   (b) Result   Affirmed without opinion

   (c) Date of result and citation, if known   December 6, 2000, 774 So.2d 699

   (d) Grounds raised   Trial Court error to allow in-court identification and Prosecutorial misconduct when state attacked Defense counsel and defense.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court   N/A

      (2) Result   N/A

      (3) Date of result and citation, if known   N/A

      (4) Grounds raised   N/A

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court   N/A

      (2) Result   N/A

      (3) Date of result and citation, if known   N/A

      (4) Grounds raised   N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   Eleventh Judicial Circuit Court, Miami, Florida

        (2) Nature of proceeding   3.850 motion for post conviction relief

        (3) Grounds raised   Ineffective assistance of counsel: #1- Failure to call witnesses; #2- Failure to object to jury panel

_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☑

(5) Result __Denied__

(6) Date of result __March 22, 2002__

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

(3) Grounds raised _____ N/A _____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☐   N/A

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☑    No ☐
    (2) Second petition, etc.     Yes ☐    No ☐  N/A

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____ N/A _____
_____
_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. ~~Ground one:~~ (Please see page 5A - 5E for time limitation chronology and all grounds)

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

B. Ground two: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

(5)

## TIME LIMITATION CHRONOLOGY
(28 U.S.C. § 2244(d)(1))

Pursuant to 28 U.S.C. §2244(d)(1)(A), Petitioner's one-year time limitation period began to run when "the judgment became final by the conclusion of direct review...." According to the United States Supreme Court, the judgment in a criminal case becomes final upon the expiration of the 90 day limitation period for filing a petition for writ of certiorari, or if a certiorari petition is filed, when it is denied. Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S.Ct 708, 712 n.6; Bond v. Moore, 309 F.3d 770 (11th Cir. 2002).

Petitioner's direct appeal resulted in the affirmance of his judgment and sentence on December 6, 2000. Botler v. State, 774 So.2d 699 (Fla. 3d DCA 2000) With the addition of the 90 days for seeking certiorari relief in the United States Supreme Court, which was not sought in this case, the one-year time limitation began to run on March 6, 2001. Without some form of tolling, the deadline for filing his §2254 petition would have been March 6, 2002.

In addition to prescribing a one-year time limitation, §2244(d), 28 U.S.C, provides for the tolling of that time. Id. at (d)(2). This provision allows the tolling of the time as long as there is a properly filed post conviction motion pending in the state courts. See: Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000). And, the term "pending" encompasses the time from filing of the post conviction motion until the mandate issues from appellate review of any order denying the motion. Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000).

In the instant case, Petitioner filed a motion for post conviction relief pursuant to Rule 3.850, Fla.R.Crim.P., on October

1, 2001.[1] The trial court denied the motion and Petitioner appealed the denial to the Third District Court of Appeals of Florida. The appellate court affirmed the trial court's order of denial on February 14, 2003. The date on which the mandate issued is unknown, but it could not have issued until at least 15 days had transpired from the appellate court's affirmance on appeal. See: Rule 9.340(a), Fla.R.App.P. This translates to a date of March 1, 2003, on which the mandate could have issued. Based on these dates, the petition is due on or before August 4, 2003.

### CHRONOLOGY SUMMARY

- Direct Appeal decision    : December 6, 2000
- 90 days for Cert. review  : March 6, 2001      ⎤
- 3.850 Filed               : October 1, 2001    ⎦ 209 days
- Mandate, 3.850 appeal     : March 1, 2003
- 156 days for filing       : August 4, 2003

---

[1] According to the mailbox rule, once an incarcerated person loses control over the delivery of a legal document by placing it in the hands of prison officials, it is considered filed. Houston v. Lack, 487 U.S. 266, 276-277, 108 S.Ct. 2379, 2384-85 (1998); Thompson v. State, 761 So.2d 324 (Fla. 2000).

GROUND ONE

DEPRIVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO OBJECT TO THE JURY PANEL AND MOVE FOR A MISTRIAL.

Supporting facts: Petitioner filed a Rule 3.850, Fla. R. Crim. P., motion in the circuit court where he was convicted of 4 counts of kidnapping, 4 counts of attempted armed robbery, and 1 count of armed burglary with an assault. In ground two of the motion, it was his contention that his trial counsel (Counsel) was ineffective when he failed to object to the jury panel because during voir dire one of the prospective juror's remarks tainted the entire panel. The offending statement was made when Ms. Ahmadi, the prospective juror, indicated she had been the victim of an armed robbery when she was with her 5 year old son. In response, the prosecutor asked her if she could separate the experience from this case. Ms. Ahmadi responded that Petitioner looked like the assailant from the armed robbery, who had never been apprehended. (TT 21-22, 46-48)

The trial court, after having reviewed the State's response to that court's order to show cause, filed two orders summarily denying Petitioner's 3.850 motion. The first one was rendered on March 22, 2002 and the second one was rendered on May 14, 2002. The first order was a one sheet order without opinion or attachments. The second order consisted of a written opinion with references to trial transcripts and specific findings of fact and law. Within that order the court opined that the statements were not inflammatory enough to have formed a sufficient basis to strike the venire.

- 5C -

Petitioner filed a timely appeal on April 19, 2002, from the final order rendered on March 22, 2002. Within his initial brief he argued that, 1) the second order denying the 3.850 motion was a nullity because the trial court lacked jurisdiction to correct its initial order; and 2) that the court's March 22, 2002, order, without opinion or record attachments, failed to conclusively refute Petitioner's claims. And as such, an evidentiary hearing was required.

On February 14, 2003, the Third District Court of Appeals affirmed the trial court's order denying the 3.850 without a written opinion. The mandate could not have issued prior to March 1, 2003. See: Rule 9.340(a), Fla. R. App. P.

Petitioner remains illegally detained in violation of the Sixth and Fourteenth Amendments to the United States Constitution as determined by the United States Supreme Court in <u>Murphy v. Florida</u>, 421 U.S. 794, 95 S.Ct. 2031 (1975) and <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984).

### GROUND TWO

DEPRIVATION OF RIGHTS AS SECURED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, DUE PROCESS AND EQUAL PROTECTION CLAUSES, WHEN THE STATE APPELLATE COURT FAILED TO FOLLOW ESTABLISHED LAW.

Supporting facts: Within Petitioner's Rule 3.850 motion he alleged two claims for relief. Both claims were based on allegations of ineffective assistance of counsel. Claim one was that, Counsel failed to investigate and call two witnesses that would

have given exculpatory testimony. Claim two was that, counsel failed to object and move for a mistrial when a statement made by a prospective juror irreparably tainted the entire venire.

The trial court initially entered a final order denying the 3.850 which was rendered on March 22, 2002. The order gave no rationale for denying either claim raised in the 3.850 motion. Neither was there any record attachments which were purported to conclusively refute the claims. Petitioner filed a timely notice of appeal on April 19, 2002. Subsequent to this, on May 14, 2002, another final order was rendered by the trial court. This new order provided reasons for its denial of the 3.850 and made references to the record which were alleged to support the court's opinion.

On appeal from the order rendered on March 22, 2002, Petitioner presented a claim within his initial brief arguing that the order rendered on May 14, 2002, was a nullity because the trial court lacked jurisdiction to enter the second order. And, that the initial order failed to conclusively refute the claims raised in the 3.850 motion because it contained neither a rationale for the denial of the claims nor included record attachments which supported the denial. And thus, the appellate court was required to reverse the trial court's order denying the 3.850 and remand the case for an evidentiary hearing. The Third District Court of Appeal affirmed the trial court's order denying the 3.850 on February 14, 2003.

The state courts' failure to follow their own rules has deprived Petitioner of his rights assured to him by the Fourteenth Amendment to the United States Constitution, Due Process and Equal Protection Clauses, as determined by the holdings in <u>Dougherty v. Wainwright</u>, 491 F.Supp 1317 (M.D. Fla. 1980); <u>Evitts v. Lucey</u>, 105 S.Ct. 830, 469 U.S. 387 (1985); <u>Hicks v. Oklahoma</u>, 100 S.Ct. 2227, 447 U.S. 343 (1980).

-5E-

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

[lines crossed out]

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

[lines crossed out]

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

All grounds have been properly presented in state court.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)  At preliminary hearing ___Unknown___

    (b)  At arraignment and plea ___Sy Gaer, Esq., 1501 N.W. 14th St., Miami, FL 33125-2611___

(6)

(c) At trial    John Perez, Esq., 814 Ponce DeLeon Blvd., Ste. 506, Miami, FL 33134

(d) At sentencing    (Same as above) (Perez)

(e) On appeal    Joseph Tesmond, Esq. 150 Alhambra Circle, Ste. 1270, Coral Gables, FL 33134

(f) In any post-conviction proceeding    (Same as above) (Tesmond)

(g) On appeal from any adverse ruling in a post-conviction proceeding    (Same as above) (Tesmond)

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☑     No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐     No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future:    N/A

    (b) Give date and length of the above sentence:    N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐     No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7/17/03
(date)

Phillip Butler   Pro Se
Signature of Petitioner

(7)