UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-21979--Civ-UNGARO-BENAGES
MAGISTRATE JUDGE P.A. WHITE

**PHILLIP BUTLER,**

    Petitioner,

vs.

                          **RESPONSE TO ORDER TO SHOW CAUSE**

**JAMES V. CROSBY, JR.,**
Secretary of the Florida Depart-
ment of Corrections, et. al.,

    Respondent(s).

_____/

    The Respondent, James V. Crosby, Jr., Secretary of the State of Florida Department of

Corrections, by and through his undersigned counsel, hereby files this response to this Honorable

Court's Order to show cause dated August 22, 2003, and for the reasons which follow, submits that

the Petitioner is not entitled to federal habeas corpus relief pursuant to the provisions of 28 U.S.C.

§2254.

**I.**

**PRELIMINARY STATEMENT**

    The petitioner, Phillip Butler, is currently in the lawful custody of the Florida Department of

Corrections pursuant to valid judgments of guilt for various crimes entered by the Circuit Court of

the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida ("the trial court").

    An appendix is being filed simultaneously with this Response. Reference to the exhibits

contained in the appendix will be designated by "Ex." followed by the appropriate letter and

reference to page numbers of the exhibits will follow after the appropriate letter.



## II.

## PROCEDURAL HISTORY

The Petitioner was charged by information with burglary with an assault or battery while armed (count 1), four counts of armed kidnapping (counts 2-5), and four counts of attempted armed robbery (counts 6-9). (Ex. A). At the conclusion of a jury trial, the jury found Petitioner guilty as charged. (Ex. B). Petitioner was adjudged accordingly, and the trial court subsequently sentenced Petitioner to life imprisonment as to counts 1 through 5, and a concurrent term of 15 years imprisonment as to counts 6 through 9. (Ex. C, D).

On his direct appeal to the Third District Court of Appeal, Petitioner raised the following claims (*verbatim*):

> I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO SUPPRESS THE IN-COURT IDENTIFICATION OF THE APPELLANT WHEN SAID IDENTIFICATION WAS IRREPARABLY TAINTED BY AN UNDULY SUGGESTIVE SHOW-UP.
>
> II. THE STATE'S IMPROPER ATTACK ON DEFENSE COUNSEL AND GOLDEN RULE ARGUMENT CONSTITUTED FUNDAMENTAL ERROR.

(Ex. E). Following the filing of the State's answer brief (Ex. F), Petitioner's convictions were per curiam affirmed without a written opinion on December 6, 2000. Butler v. State, 774 So. 2d 699 (Fla. 3d DCA 2000) (table). The appellate court's mandate issued on December 22, 2000. (Ex. G).

On October 19, 2001, over ten months following the issuance of the Third District's opinion, Petitioner, through counsel and pursuant to rule 3.850, Fla. R. Crim. P., filed a motion for postconviction relief/motion for new trial, alleging the following claims (*verbatim*):

> GROUND ONE
> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO

2

THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 16 OF THE FLORIDA CONSTITUTION BECAUSE DEFENSE COUNSEL FAILED TO INVESTIGATE DEFENSE WITNESSES WHO WOULD HAVE OFFERED EXCULPATORY EVIDENCE.

GROUND TWO

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 16 OF THE FLORIDA CONSTITUTION BECAUSE DEFENSE COUNSEL FAILED TO MOVE TO STRIKE THE VENIRE DURING JURY SELECTION.

(Ex. H). Following the filing of a response by the State (Ex. I), the trial court summarily denied this

motion. (Ex. J). Shortly thereafter, the trial court filed an amended order in which it explained its

reasons for denying relief. (Ex. K).

On appeal of the trial court's order to the Third District Court of Appeal, Petitioner made the

following claims (*verbatim*):

I. WHERE THE TIME-PERIOD FOR THE FILING OF A MOTION FOR REHEARING HAS EXPIRED, THE TRIAL COURT IS WITHOUT JURISDICTION TO CORRECT OR MODIFY ITS ORIGINAL ORDER OF DENIAL.

II. WHERE THE TRIAL COURT'S SUMMARY DENIAL OF THE DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF WAS UNSUPPORTED BY RECORD ATTACHMENTS CONCLUSIVELY REFUTING THE DEFENDANT'S GROUNDS FOR RELIEF, THE CASE MUST BE REMANDED FOR AN EVIDENTIARY HEARING.

(Ex. L, p. i). The State filed a written response. (Ex. M). Thereafter, the appellate court per curiam

affirmed the trial court's order without a written opinion. Butler v. State, 837 So. 2d 984 (Fla. 3d

DCA 2003) (table). The appellate court's mandate issued on February 14, 2003. (Ex. N).

Slightly over five months later, on July 17, 2003, Petitioner filed the instant petition for writ of

habeas corpus, wherein he makes the following claims (*verbatim*):

> GROUND ONE: DEPRIVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THOUGH INEFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO OBJECT TO THE JURY PANEL AND MOVE FOR A MISTRIAL.

> GROUND TWO: DEPRIVATION OF RIGHTS AS SECURED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. DUE PROCESS AND EQUAL PROTECTION CLAUSES, WHEN THE STATE APPELLATE COURT FAILED TO FOLLOW ESTABLISHED LAW.

Petition, pp. 5(c) and (d).

### III.

### EXHAUSTION OF STATE REMEDIES

Issues raised in a federal habeas corpus proceeding must have been fairly presented in the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982); Atkins v. Att'y Gen. Of Alabama, 932 F.2d 1430 (11th Cir. 1991); Hutchins v. Wainwright, 715 F.2d 512 (11th Cir. 1983). The requirement that state remedies be exhausted before a claim will be considered by the federal court is designed to reduce piecemeal litigation, protect the state courts' role in the enforcement of federal law, and prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). In Florida, as to claims not raised and exhausted on direct appeal or by state petition for writ of habeas corpus, the exhaustion of state remedies for purposes of federal habeas corpus relief usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial. Leonard v. Wainwright, 601 F. 2d 807 (5th Cir. 1979).

The issues raised in this petition were raised by Petitioner in his postconviction proceedings in state court. Therefore, these claims were fairly presented in the proper State forum and Respondent

acknowledges that these claims have been sufficiently exhausted to warrant consideration on a petition for federal habeas corpus relief. Leonard v. Wainwright, 602 F.2d 807 (11 Cir. 1979); Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 276 74 L.Ed.2d 3 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir 1983).

**Procedural Bar For Untimely Filing Under 28 U.S.C. § 2244(d)**

Petitioner's habeas petition is time barred due to expiration of the one-year statute of limitations imposed by 28 U.S.C. §2244(d)(1) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2244 (d) (1) provides in pertinent part:

> (d)(1) A 1-year time period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review: ...
>
> * * *
>
> (D) the date upon which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2244. This Act is presumed to have become effective on April 24, 1996, the date it was enacted. Bailey v. Nagle, 101 F.3d 1565, 1568 (11th Cir. 1996); Hatch v. Oklahoma, 92 F.3d 1012, 1014 n.2 (10th Cir. 1996), citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Review of the record here indicates that Petitioner's judgments of conviction became final, at

the latest, on March 6, 2001, ninety days after the Third District Court of Appeal issued its opinion affirming Petitioner's convictions following his direct appeal. Butler v. State, 774 So. 2d 699 (Fla. 3d DCA 1997) (table); Griffith v. Kentucky, 479 U.S. 314, 321, n. 6 (1986); Kaufmann v. State, 282 F.3d 1336 (11th Cir. 2002) (conviction did not become final for purposes of one-year limitation period imposed by AEDPA until 90-day period to seek certiorari expired, even though petitioner never actually petitioned for certiorari); accord Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002). Thereafter, a period of about 7½ months, i.e., 227 days, of untolled time elapsed before Petitioner, through counsel, filed a rule 3.850 motion for postconviction relief in state court on October 19, 2001.[1] (Ex. H); See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (finding that the AEDPA provides that, upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences); Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (even "properly filed" state court petitions must be "pending" in order to toll the federal limitations period); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal until the time the first state collateral challenge is filed because there is no case "pending" during that interval). Moreover, an additional period of slightly over 5 months of untolled time, i.e., 153 days, expired

---

[1] Since Petitioner was represented by counsel, Joseph Tesmond, who, pursuant to his certificate of service, mailed this postconviction motion on October 19, 2001, the "mailbox rule" to which Petitioner cites for his contention that he filed the motion on October 1, 2001, is simply inapplicable. (Ex. H, p. 7); See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (lenient treatment to prisoner litigants is justified by the "[unique] situation of prisoners seeking to appeal *without* the benefit of counsel") (Emphasis supplied); Rutledge v. United States, 230 F. 3d 1041, 1052 (7th Cir. 2000) (mailbox rule does not apply to prisoners who are represented by counsel), citing Nichols v. Bowersox, 172 F.3d 1068, 1074 (8th Cir. 1999) ("The prison mailbox rule traditionally and appropriately applies only to pro se inmates who may have no means to file legal documents except through the prison mail system.").

between the appellate court's mandate of February 14, 2003 affirming the denial of Petitioner's rule 3.850 motion, and the filing of the instant habeas petition on July 17, 2003. Thus, given the total period of 380 days of untolled time, it is clear that Petitioner's instant habeas petition is untimely filed. Accordingly, since Petitioner filed his habeas petition well beyond the one-year time limit of 28 U.S.C. § 2244(d), it is clear that this Court need not consider the merits of Petitioner's claims.

## IV.

## ANSWER

The respondent denies each and every one of petitioner's allegations not admitted herein and demands strict proof and support thereof.

## V.

## MERITS

The Respondent will refrain from addressing the merits of the Petitioner's claims until after a ruling on the defense of the statute of limitations violation. See Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed. 2d 269 (1992); Jones v. White, 992 F.2d 1548 (11th Cir. 1993). Should this Court determine that an adjudication on the merits of the Petitioner's claims is appropriate, Respondent reserves the right to fully brief the merits of these claims at that time.[2]

---

[2] Respondent acknowledges this Court's request for a copy of the trial court transcript in this case. However, due to the nature of the defense raised in this response, which may well alleviate the need to address the Petitioner's claims on the merits, Respondent will refrain from transmitting this transcript pending review of the response and further order by this Court.

# VI.

## CONCLUSION

WHEREFORE, based upon the foregoing authorities and arguments, the Respondent

respectfully requests this Court to dismiss  the instant petition for writ of habeas corpus.


Respectfully submitted,

**CHARLES J. CRIST, JR.**
Attorney General
Tallahassee, Florida


**DOUGLAS J. GLAID**
Assistant Attorney General


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to Order to

Show Cause and attached Appendix was furnished by U.S. mail to Phillip Butler, DC#M21893,

Liberty Correctional Institution, HCR 2, Box 144, Bristol, FL 32321-9711, on this 25th day of

September, 2003.


**DOUGLAS J. GLAID**
Assistant Attorney General
Florida Bar No. 0249475
Office of the Attorney General
110 S.E. 6th Street, 9th Floor
Ft. Lauderdale, Florida 33301
(954) 712-4600; fax 712-4761

Counsel for Respondent(s)

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-21979-Civ-UNGARO-
BENAGES
MAGISTRATE JUDGE P.A. WHITE

**PHILLIP BUTLER,**

Petitioner,

vs.

**JAMES V. CROSBY, JR.,**
**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

Respondent.

_____/


**APPENDIX TO RESPONSE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   03-21979--Civ-UNGARO-BENAGES
MAGISTRATE JUDGE P.A. WHITE

**PHILLIP BUTLER,**

Petitioner,

vs.

**JAMES V. CROSBY, JR.,**
**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

Respondent.
_____/

## INDEX TO APPENDIX

| | |
|---|---|
| Ex. A | Information |
| Ex. B | Verdicts |
| Ex. C | Judgment of conviction |
| Ex. D | Sentences |
| Ex. E | Initial brief of Appellant |
| Ex. F | State's answer brief |
| Ex. G | Opinion (December 6, 2000) and mandate |
| Ex. H | Motion for postconviction relief |
| Ex. I | State's response |
| Ex. J | Order denying motion for postconviction relief |
| Ex. K | Amended order denying motion for postconviction relief |
| Ex. L | Initial brief of Appellant |

Ex. M                          State's response

Ex.  N                          Mandate

# EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR DADE COUNTY, FLORIDA   SPRING TERM, 1998

THE STATE OF FLORIDA v.                    INFORMATION FOR

PHILLIP BUTLER                             1.   BURGLARY WITH ASSAULT OR BATTERY THEREIN
                                                WHILE ARMED
                                                810.02(2)(A) & 775.087 LIFE FEL
                                           2.   KIDNAPPING WITH A WEAPON
                                                (COUNTS 2-5)
                                           6.   ATTEMPTED ARMED ROBBERY
                                                (COUNTS 6-9)

            Defendant(s)

                                           FILED
                                           JUN 1 9 1998

IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

     LAURA STUZIN, Assistant State Attorney of the Eleventh Judicial Circuit, in the
authority of KATHERINE FERNANDEZ RUNDLE, State Attorney, prosecuting for the State of
Florida, in the  County of Dade, under oath, information makes that: PHILLIP BUTLER, on
or about MAY 30, 1998, in the County and State aforesaid, did unlawfully enter or remain
in a structure, to wit: a dwelling located at 8901 SOUTHWEST 197 TERRACE, Dade County,
Florida, the property of CINDY FONSECA AND/OR MANUELA FONSECA AND/OR N.F. (A MINOR),
without the consent of CINDY FONSECA AND/OR MANUELA FONSECA AND/OR N.F. (A MINOR) as owner
or custodian, the same being occupied by CINDY FONSECA AND/OR MANUELA FONSECA AND/OR N.F.
(A MINOR) AND/OR V.I. (A MINOR); the defendant having an intent to commit an offense
therein, to wit: ARMED ROBBERY AND/OR ARMED KIDNAPPING, and in the course of committing
said burglary, the defendant made an assault or battery upon CINDY FONSECA AND/OR MANUELA
FONSECA AND/OR N.F. (A MINOR) AND/OR V.I. (A MINOR), by POINTING A FIREARM AT VICTIMS
and/or TYING VICTIMS UP, and during the commission of said burglary, the defendant
carried, displayed, used, threatened or attempted to use a firearm or weapon, to wit:  A
FIREARM, in violation of s. 810.02(2)(a) and s. 775.087, Fla. Stats., contrary to the form
of the Statute in such cases made and provided, and against the peace and dignity of the
State of Florida.

LM/I/9818181|6/18/98
Circuit Court Direct File
Jail No. 980044016, Bkd. 05/30/98, Cin. 0678899
B/M, DOB: 12/20/77, SS# 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
98-18181
J/ROTHENBERG(13)

171

COUNT 2

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, without lawful authority did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person, to wit:  MANUELA FONSECA against that person's will, with the intent to commit or facilitate the commission of any felony, to wit:  ARMED ROBBERY, and during the commission of this act or acts, the defendant(s) carried, displayed, used, threatened, or attempted to use a weapon, to wit:  A FIREARM, in violation of s. 787.01 and s. 775.087, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

COUNT 3

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, without lawful authority did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person, to wit:  CINDY FONSECA against that person's will, with the intent to commit or facilitate the commission of any felony, to wit:  ARMED ROBBERY, and during the commission of this act or acts, the defendant(s) carried, displayed, used, threatened, or attempted to use a weapon, to wit:  A FIREARM, in violation of s. 787.01 and s. 775.087, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

COUNT 4

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, without lawful authority did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person, to wit:  N.F. (A MINOR) against that person's will, with the intent to commit or facilitate the commission of any felony, to wit:  ARMED ROBBERY, and during the commission of this act or acts, the defendant(s) carried, displayed, used, threatened, or attempted to use a weapon, to wit: A FIREARM, in violation of s. 787.01 and s. 775.087, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

COUNT 5

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, without lawful authority did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person, to wit: V.I. (A MINOR) against that person's will, with the intent to commit or facilitate the commission of any felony, to wit: ARMED ROBBERY, and during the commission of this act or acts, the defendant(s) carried, displayed, used, threatened, or attempted to use a weapon, to wit: A FIREARM, in violation of s. 787.01 and s. 775.087, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

COUNT 6

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, did unlawfully and feloniously attempt to commit a felony, to wit:   Robbery, and in furtherance thereof, the defendant did unlawfully by force, violence, assault or putting in fear, attempt to take certain money or property of V.I. (A MINOR), as owner or custodian, from the person or custody of V.I. (A MINOR), with intent to temporarily or permanently deprive the above-named owner(s) or custodian(s) of said property, and in such attempt did DEMAND U S COIN OR CURRENCY, and in the course of committing said attempted robbery, carried a firearm, in violation of s. 812.13(2)(a)(b) and s. 777.04, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

06

COUNT 7

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, did unlawfully and feloniously attempt to commit a felony, to wit:   Robbery, and in furtherance thereof, the defendant did unlawfully by force, violence, assault or putting in fear, attempt to take certain money or property of N.F. (A MINOR), as owner or custodian, from the person or custody of N.F. (A MINOR), with intent to temporarily or permanently deprive the above-named owner(s) or custodian(s) of said property, and in such attempt did DEMAND U S COIN OR CURRENCY, and in the course of committing said attempted robbery, carried a firearm, in violation of s. 812.13(2)(a)(b) and s. 777.04, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

COUNT 8

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, did unlawfully and feloniously attempt to commit a felony, to wit:   Robbery, and in furtherance thereof, the defendant did unlawfully by force, violence, assault or putting in fear, attempt to take certain money or property of MANUELA FONSECA, as owner or custodian, from the person or custody of MANUELA FONSECA, with intent to temporarily or permanently deprive the above-named owner(s) or custodian(s) of said property, and in such attempt did DEMAND U S COIN OR CURRENCY, and in the course of committing said attempted robbery, carried a firearm, in violation of s. 812.13(2)(a)(b) and s. 777.04, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

COUNT 9

And the aforesaid Assistant State Attorney, under oath, further information makes that PHILLIP BUTLER on or about MAY 30, 1998, in the County and State aforesaid, did unlawfully and feloniously attempt to commit a felony, to wit:   Robbery, and in furtherance thereof, the defendant did unlawfully by force, violence, assault or putting in fear, attempt to take certain money or property of CINDY FONSECA, as owner or custodian, from the person or custody of CINDY FONSECA, with intent to temporarily or permanently deprive the above-named owner(s) or custodian(s) of said property, and in such attempt did DEMAND U S COIN OR CURRENCY, and in the course of committing said attempted robbery, carried a firearm, in violation of s. 812.13(2)(a)(b) and s. 777.04, Fla. Stats., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

**STATE OF FLORIDA, COUNTY OF DADE:**

Personally known to me and appeared before me, the Assistant State Attorney of the Eleventh Judicial Circuit of Florida whose signature appears below, being first duly sworn, says that the allegations set forth in this Information are based upon facts which have been sworn to as true by a material witness or witnesses, and which if true, would constitute the offenses therein charged, and that this prosecution is instituted in good faith.

_____
Assistant State Attorney
Florida Bar #024643
1350 NW 12 Avenue, Miami, FL (305) 547-0100

Sworn to and subscribed before me this _____19_____ day of _____June_____, 19 __98__.

By _Renee S. Tornello_
~~Deputy Clerk for the Clerk of the Courts~~
or Notary Public

Renee S. Tornello
Commission # CC 739779
Expires Nov. 12, 2001
BONDED THRU
ATLANTIC BONDING CO., INC.



09

# EXHIBIT B

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
# IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STATE OF FLORIDA v.

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

PHILLIP BUTLER, Defendant(s)

FILED

MAY 0 7 1999

CLERK

## VERDICT

WE THE JURY find as to Count 2 of the Information Kidnapping of Manuela Fonseca:

A. [✓] The defendant is Guilty of Kidnapping as charged in the information:

    [✓] With a Firearm.

    [ ] Without a Firearm.

B. [ ] The defendant is Guilty of the lesser included offense of False Imprisonment.

C. [ ] The defendant is Guilty of the lesser included offense of Aggravated Assault.

D. [ ] The defendant is Guilty of the lesser included offense of Battery.

E. [ ] The defendant is Guilty of the lesser included offense of Assault.

F. [ ] The defendant is Not Guilty.

So Say we all this 7 day of May 1999, in Miami-Dade County, Florida.

_____
FOREPERSON

107

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

STATE OF FLORIDA v.

PHILLIP BUTLER, Defendant(s)

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

```
┌─────────────────────────┐
│  F I L E D              │
│                         │
│   MAY 0 7 1999          │
│                         │
│        CLERK            │
└─────────────────────────┘
```

**VERDICT**

WE THE JURY find as to Count 3 of the Information Kidnapping of Cindy Fonseca:

A.  [N]  The defendant is Guilty of Kidnapping as charged in the information:

       [√] With a Firearm.

       [ ] Without a Firearm.

B.  [ ]  The defendant is Guilty of the lesser included offense of False Imprisonment.

C.  [ ]  The defendant is Guilty of the lesser included offense of Aggravated Assault.

D.  [ ]  The defendant is Guilty of the lesser included offense of Battery.

E.  [ ]  The defendant is Guilty of the lesser included offense of Assault.

F.  [ ]  The defendant is Not Guilty.

So Say we all this __1__ day of May 1999, in Miami-Dade County, Florida.

_____
FOREPERSON

108

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STATE OF FLORIDA v.

PHILLIP BUTLER, Defendant(s)

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

```
 F I L E D
  MAY 0 7 1999
     CLERK
```

## VERDICT

WE THE JURY find as to Count 4 of the Information Kidnapping of Norman Fonseca:

A. [✓] The defendant is Guilty of Kidnapping as charged in the information:

      [✓] With a Firearm.

      [ ] Without a Firearm.

B. [ ] The defendant is Guilty of the lesser included offense of False Imprisonment.

C. [ ] The defendant is Guilty of the lesser included offense of Aggravated Assault.

D. [ ] The defendant is Guilty of the lesser included offense of Battery.

E. [ ] The defendant is Guilty of the lesser included offense of Assault.

F. [ ] The defendant is Not Guilty.

So Say we all this ⎯ day of May 1999, in Miami-Dade County, Florida.

FOREPERSON

Order - 11/6/98\Document4\RJ

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

STATE OF FLORIDA v.

PHILLIP BUTLER, Defendant(s)

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

```
F I L E D

MAY 0 7 1999

        CLERK
```

**VERDICT**

WE THE JURY find as to Count 5 of the Information Kidnapping of Ulysses Isambert:

A. [✓] The defendant is Guilty of Kidnapping as charged in the information:

    [✓] With a Firearm.

    [ ] Without a Firearm.

B. [ ] The defendant is Guilty of the lesser included offense of False Imprisonment.

C. [ ] The defendant is Guilty of the lesser included offense of Aggravated Assault.

D. [ ] The defendant is Guilty of the lesser included offense of Battery.

E. [ ] The defendant is Guilty of the lesser included offense of Assault.

F. [ ] The defendant is Not Guilty.

So Say we all this ⌐ day of May 1999, in Miami-Dade County, Florida.

_____
FOREPERSON

110

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STATE OF FLORIDA v.

PHILLIP BUTLER, Defendant(s)

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

FILED

MAY 0 7 1999

CLERK

## VERDICT

WE THE JURY find as to Count 6 of the Information Attempted Armed Robbery of Ulysses Isambert:

A.  [X]  The defendant is Guilty of Attempted Armed Robbery as charged in the information:

        [X] With a Firearm.

        [ ] Without a Firearm.

B.  [ ]  The defendant is Guilty of the lesser included offense of Aggravated Battery.

C.  [ ]  The defendant is Guilty of the lesser included offense of use of a weapon during the commission of a felony.

D.  [ ]  The defendant is Guilty of the lesser included offense of Battery.

E.  [ ]  The defendant is Guilty of the lesser included offense of Assault.

F.  [ ]  The defendant is Not Guilty.

So Say we all this ___ day of May 1999, in Miami-Dade County, Florida.

FOREPERSON

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

STATE OF FLORIDA v.

PHILLIP BUTLER, Defendant(s)

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

```
F I L E D
MAY 0 7 1999
CLERK
```

**VERDICT**

WE THE JURY find as to Count 7 of the Information Attempted Armed Robbery of Norman Fonseca:

A. [✓] The defendant is Guilty of Attempted Armed Robbery as charged in the information:

      [✓] With a Firearm.

      [ ] Without a Firearm.

B. [ ] The defendant is Guilty of the lesser included offense of Aggravated Battery.

C. [ ] The defendant is Guilty of the lesser included offense of use of a weapon during the commission of a felony.

D. [ ] The defendant is Guilty of the lesser included offense of Battery.

E. [ ] The defendant is Guilty of the lesser included offense of Assault.

F. [ ] The defendant is Not Guilty.

So Say we all this ⊥ day of May 1999, in Miami-Dade County, Florida.

FOREPERSON

112

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STATE OF FLORIDA v.

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

PHILLIP BUTLER, Defendant(s)



### VERDICT

WE THE JURY find as to Count 8 of the Information Attempted Armed Robbery of Manuela Fonseca:

A.  [√]  The defendant is Guilty of Attempted Armed Robbery as charged in the information:

       [√] With a Firearm.

       [ ] Without a Firearm.

B.  [ ]  The defendant is Guilty of the lesser included offense of Aggravated Battery.

C.  [ ]  The defendant is Guilty of the lesser included offense of use of a weapon during the commission of a felony.

D.  [ ]  The defendant is Guilty of the lesser included offense of Battery.

E.  [ ]  The defendant is Guilty of the lesser included offense of Assault.

F.  [ ]  The defendant is Not Guilty.

So Say we all this ___ day of May 1999, in Miami-Dade County, Florida.

FOREPERSON

113

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

STATE OF FLORIDA v.

PHILLIP BUTLER, Defendant(s)

Case No. F98-18181
Section No. 013
Judge SCHWARTZ

```
F I L E D

  MAY 0 7 1999

     CLERK
```

## VERDICT

WE THE JURY find as to Count 9 of the Information Attempted Armed Robbery of Cindy Fonseca:

A.  [✓]  The defendant is Guilty of Attempted Armed Robbery as charged in the information:

        [✓] With a Firearm.

        [ ] Without a Firearm.

B.  [ ]  The defendant is Guilty of the lesser included offense of Aggravated Battery.

C.  [ ]  The defendant is Guilty of the lesser included offense of use of a weapon during the commission of a felony.

D.  [ ]  The defendant is Guilty of the lesser included offense of Battery.

E.  [ ]  The defendant is Guilty of the lesser included offense of Assault.

F.  [ ]  The defendant is Not Guilty.

So Say we all this ___ day of May 1999, in Miami-Dade County, Florida.

                                      FOREPERSON

114

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STATE OF FLORIDA v.

PHILLIP BUTLER, Defendant(s)

Case No. F98-1818
Section No. 013
Judge SCHWARTZ

FILED

MAY 0 7 1999

CLERK

### VERDICT

WE THE JURY find as to Count 1 of the Information Burglary:

A. [✓] The defendant is Guilty of Burglary as charged in the information:

    [✓] With a Firearm.

    [ ] Without a Firearm.

    [✓] With a Human Being in the Structure.

    [ ] Without a Human Being in the Structure.

    [✓] There was an Assault made inside the Structure.

    [ ] There was no Assault made inside the Structure.

    [✓] The Structure is a Dwelling.

    [ ] The Structure is not a Dwelling.

B. [ ] The defendant is Guilty of the lesser included offense of Aggravated Battery.

C. [ ] The defendant is Guilty of the lesser included offense of Aggravated Assault.

D. [ ] The defendant is Guilty of the lesser included offense of Battery.

E. [ ] The defendant is Guilty of the lesser included offense of Assault.

F. [ ] The defendant is Not Guilty.

So Say we all this 7 day of May 1999, in Miami-Dade County, Florida

FOREPERSON

115

# EXHIBIT C

| ☒ IN THE CIRCUIT COURT OF THE _____ VENTH JUDICIAL CIRCUIT IN AND FOR DA___ COUNTY, FLORIDA. | | 153 |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND F__R DADE COUNTY, FLORIDA. | | |

| DIVISION | JUDGMENT | | CASE NUMBER |
|---|---|---|---|
| ☒ CRIMINAL | ☐ Probation Violator | ☐ Retrial | 98-18181 |
| ☐ OTHER | ☐ Community Control Violator | ☐ Resentence | |

THE STATE OF FLORIDA       VS.

PHILLIP BUTLER

F I L E D

O'CLOCK IN ___

MAY 2 4 1999

J. BICKETT
CLERK

PLAINTIFF                                    DEFENDANT

The Defendant, __PHILLIP BUTLER_____, being personally before this Court represented by
__J. PEREZ/ M. SAN PEDRO___, his attorney of record, and the State represented by __R. JACOBS/ R. MATHIS__
Assistant State 's Attorney, and having:

☒ been tried and found guilty    ☐ entered a plea of guilty    ☐ entered a plea of nolo contendere
to the following crime(s):

| COUNT | CRIME | OFFENSE STATUTE NO. | DEGREE OF CRIME | OBTS NO. |
|---|---|---|---|---|
| 1 | BURGLARY WITH ASSAULT ON A HUMAN BEING IN AN OCCUPIED STRUC-TURE/DWELLING WITH A FIREARM | 810.02(2)(a) & 775.087 | LIFE | |
| 2thru5 | KIDNAPPING WITH A FIREARM | 787.01 & 775.087 | LIFE | |
| 6thru9 | ATTEMPTED ARMED ROBBERY WITH A FIREARM | 812.13(2)(a)(b) & 777.04 | 2F | |

and no cause being shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby
ADJUDICATED GUILTY of the above crime(s)

RECORDED

JUN 02 1999

Clerk of Circuit
& County Courts

FH  5/12/99                                    Page 1 of __2__

Defendant _Phillip Butler_     Case Number _98-18181_

## CHARGES/COSTS

The Defendant is hereby ordered to pay the following sum if checked:

- ☐ Fifty dollars ($50.00) pursuant to F.S. 938.03 (Crimes Compensation Trust Fund).
- ☒ Five dollars ($5.00) as a court cost pursuant to F.S. 938.01 (1) $3.00, F.S. 938.15 $2.00 (Criminal Justice Trust & Education Funds).
- ☐ A fine in the sum of $ _____ pursuant to F.S. 775.0835. (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as a part of a sentence to F.S. 775.083 are to be recorded on the Sentence page(s)).
- ☐ Twenty dollars ($20.00) pursuant to F. S. 938.09 (Handicapped and Elderly Security Assistance Trust Fund).
- ☐ A 10 percent surcharge in the sum of $ _____ pursuant to 938.11  (Handicapped and Elderly Security Assistance Trust Fund).
- ☒ A sum of $ _200.00_ pursuant to 938.05 (Local Government Criminal Justice Trust Fund).
- ☐ Restitution in accordance with attached order.
- ☒ Three dollars ($3.00) Juvenile Assessment Center pursuant to Dade County Ordinance 96-182, F.S. incorporating F.S. 938.17.
- ☐ A sum of $ _____ pursuant to F.S. 27.52 (Public Defender Application Fee).
- ☒ A sum of $ _150.00_ pursuant to F.S. 939.18 (Court Facilities Cost).
- ☒ Other _TEEN COURTS $3.00_

## FINGERPRINTS AND SOCIAL SECURITY NUMBER OF DEFENDANT

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|
| | | | | |
| 1. L. Thumb | 2. L. Index | 3. L. Middle | 4. L. Ring | 5. L. Little |
| | | | | |

Fingerprints taken by: _K5374 C01_

Name            Title

Defendant's social security number is _____

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the Defendant, _____

and that they were placed thereon by said Defendant in my presence in Open Court this date, and that the defendant either

- ☐ provided the above - mentioned social security number.

OR

- ☐ was unable or unwilling to provide his/her social security number.

DONE AND ORDERED in Open Court in Dade County, Florida this _____ day of _MAY 0 7 1999_ , 19 ____

18618 PG 3254

Page 2 of 2

LAWRENCE A. SCHWARTZ

117

# EXHIBIT D

259

258

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA.

| CRIMINAL DIVISION | SENTENCE<br>(AS TO COUNT 1thru9 ) | | CASE NUMBER<br>98-18181<br>OBTS NUMBER _____ |
|---|---|---|---|

THE STATE OF FLORIDA        VS.

PHILLIP BUTLER

CLOCK IN

F I L E D

AUG 16 1999

CLERK

PLAINTIFF                    DEFENDANT

The defendant, being personally before this Court, accompanied by his attorney, __M. SAN PEDRO__, and having been adjudicated guilty herein, and the Court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown and the Court having:

☒ on ___MAY 7, 1999___ deferred imposition of sentence until this date.

(Check one)  ☐ previously entered a judgment in this case on the defendant now resentences the defendant.

☐ placed the defendant on Probation/Community Control and having subsequently revoked the defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that the defendant:

☐ pay a fine of $ _____, pursuant to F.S. 775.083, plus $ _____ as the 5% surcharge required by F.S. 938.04.

☒ is hereby committed to the custody of the Department of Corrections.

☐ is hereby committed to the custody of the Sheriff of Dade County, Florida.

☐ is sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one; unmarked sections are inapplicable)

☒ for a term of Natural Life.

☐ for a  term of _____.

☐ said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

☐ IT IS FURTHER ORDERED that the entry of sentence be suspended as to count(s) _____ of this case.

RECORDED

AUG 23 1999

Clerk of Circuit
& County Courts

121

Defendant  PHILL.  BUTLER

Case Number  98-18181

If "split" sentence _____ Followed by a period of _____ on Probation/Community
complete either of                Control under the supervision of the Department of Corrections according to the
paragraphs                        terms and conditions of supervision set forth in a separate order entered herein

_____ However, after serving a period of _____ imprisonment in _____,
                the balance of such sentence shall be suspended and the Defendant shall be
                placed on Probation/Community Control for a period of _____
                under supervision of the Department of Corrections according to the terms and
                conditions of Probation/Community Control set forth in a separate order entered
                herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied
before the defendant begins service of the supervision terms.

SPECIAL PROVISIONS

( As to Count  1 THRU 9 _____ )

By appropriate notation, the following provisions apply to the sentence imposed:
MANDATORY / MINIMUM PROVISIONS :

FIREARM _____ X ____ It is further ordered that the three year minimum imprisonment
                        provisions of Florida Statute 775.087(2) are hereby imposed for the
                        sentence specified in this count.

DRUG TRAFFICKING _____ It is further ordered that the _____ mandatory minimum
                              imprisonment provisions of Florida Statute 893.135(1) are hereby
                              imposed for the sentence specified in this count.

CONTROLLED SUBSTANCE
WITHIN 1000 FEET
OF SCHOOL _____ It is further ordered that the three year minimum imprisonment
                        provisions of Florida Statute 893.13(1)(e)1, are hereby imposed for the
                        sentence specified in this court.

HABITUAL FELONY
OFFENDER _____ The Defendant is adjudicated a habitual felony offender and has been
                      sentenced to an extended term in accordance with the provisions of
                      Florida Statute 775.084(4). The requisite findings by the court are set
                      forth in a separate order or stated on the record in open court.

HABITUAL VIOLENT _____ The defendant is adjudicated a
OFFENDER                      _____ habitual violent felony offender
VIOLENT CAREER                _____ violent career criminal
CRIMINAL                      and has been sentenced to an extended term in accordance with the
                              provisions of Florida Statute 775.084(4). A minimum term of _____
                              year(s) must be served prior to release. The requisite findings by the
                              court are set forth in a separate order or stated on the record in open
                              court.

LAW ENFORCEMENT
PROTECTION ACT _____ It is further ordered that the defendant shall serve a minimum of ____
                            years before release in accordance with Florida Statute 775.0823.

CAPITAL OFFENSE _____ It is further ordered that the Defendant shall serve no less than 25
                            years in accordance with Florida Statute 775.082(1).

SHORT-BARRELED
RIFLE, SHOTGUN,
MACHINE GUN _____ It is further ordered that the five-year minimum provisions of Florida
                        Statute 790.221(2) are hereby imposed for the sentence specified in
                        this court.

CONTINUING CRIMINAL
ENTERPRISE _____ It is further ordered that the 25 year mandatory minimum sentence
                        provisions of Florida Statute 893.20 are hereby imposed for the
                        sentence specified in this count.

122

Defendant  PHILLIP BUTLER

**OTHER PROVISIONS**

Case Number  98-18181

RETENTION OF
JURISDICTION                    _____     The Court retains jurisdiction over the defendant pursuant to Florida Statutes
947.16(3).

JAIL CREDIT                 X                It is further ordered that the Defendant shall be allowed a total of  432
days as credit for time incarcerated prior to imposition of this sentence.

PRISON CREDIT           _____     It is further ordered that the Defendant be allowed credit for all time previously
served on this count in the Department of Corrections prior to resentencing.

CONSECUTIVE/
CONCURRENT AS TO
OTHER COUNTS            X                It is further ordered that the sentence imposed for count(s)   1 thru 9
shall run (check one) ☐ consecutive to ☐ concurrent with the sentence set
forth in count(s)  1 THRU 9  of this case.

CONSECUTIVE/
CONCURRENT AS TO
OTHER CONVICTIONS     _____     It is further ordered that the composite term of all sentences imposed for the
counts specified in this order shall run ☐ consecutive to ☐ concurrent with the
following:

_____ Any active sentence being served.

_____ Specific sentences: _____

_____

_____

BLOOD SAMPLE
REQUIRED                  _____     It is further ordered, pursuant to section 943.325, Florida Statutes, that the
defendant, having been convicted of an attempt or offense under section 794
(sexual battery), 800 (lewdness or indecent exposure), 782.04 (murder),
784.045 (aggravated battery), 812.133 (car jacking), or 812.135 (home invasion
robbery) shall be required to submit blood specimens.

In the event the above sentence is to the Department of Corrections, the Sheriff of Dade County, Florida, is hereby
ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the
Department together with a copy of this Judgment and Sentence and any other documents specified by Florida
Statutes.

The defendant in Open Court was advised of his right to appeal from this sentence by filing notice of appeal within
thirty days from this date with the Clerk of this Court, and the defendant's right to the assistance of counsel in taking
said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends _____  _____

_____

_____

_____

DONE AND ORDERED in Open Court at Dade County, Florida, this  4th  day of   AUGUST  , 19  99 .

LAWRENCE A. SCHWARTZ  JUDGE

123

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA.

258

| CRIMINAL DIVISION | CORRECTED SENTENCE (AS TO COUNT 1 thru 5 ) | | CASE NUMBER 98-18181 |
|---|---|---|---|
| | | | CBTS NUMBER _____ |

THE STATE OF FLORIDA          VS.

PHILLIP BUTLER

FILED

CLOCK IN

AUG 16 1999

CLERK

PLAINTIFF                    DEFENDANT

The defendant, being personally before this Court, accompanied by his attorney, DEFENDANT NOR ATTORNEY PRESENT and having been adjudicated guilty herein, and the Court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown and the Court having:

☐ on _____ deferred imposition of sentence until this date.

(Check one)  ☐ previously entered a judgment in this case on the defendant now resentences the defendant.

☐ placed the defendant on Probation/Community Control and having subsequently revoked the defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that the defendant:

☐ pay a fine of $ _____, pursuant to F.S. 775.083, plus $ _____ as the 5% surcharge required by F.S. 938.04.

☒ is hereby committed to the custody of the Department of Corrections.

☐ is hereby committed to the custody of the Sheriff of Dade County, Florida.

☐ is sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one; unmarked sections are inapplicable)

☒ for a term of Natural Life.

☐ for a term of _____.

☐ said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

☐ IT IS FURTHER ORDERED that the entry of sentence be suspended as to count(s) _____ of this case.

RECORDED

AUG 23 1999

Clerk of Circuit
& County Courts

124

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA.

255

| CRIMINAL DIVISION | SENTENCE<br><br>(AS TO COUNT 6thru9 ) | | CASE NUMBER<br><br>98-18181<br>OBTS NUMBER _____ |

THE STATE OF FLORIDA            VS.

PHILLIP BUTLER

F I L E D

CLOCK IN

AUG 10 1999

CLERK

PLAINTIFF                    DEFENDANT

The defendant, being personally before this Court, accompanied by his attorney, DEFENDANT NOR ATTORNEY PRESENT and having been adjudicated guilty herein, and the Court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown and the Court having:

☐ on _____ deferred imposition of sentence until this date.

(Check one) ☐ previously entered a judgment in this case on the defendant now resentences the defendant.

☐ placed the defendant on Probation/Community Control and having subsequently revoked the defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that the defendant:

☐ pay a fine of $ _____, pursuant to F.S. 775.083, plus $ _____ as the 5% surcharge required by F.S. 938.04.

☒ is hereby committed to the custody of the Department of Corrections.

☐ is hereby committed to the custody of the Sheriff of Dade County, Florida.

☐ is sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one; unmarked sections are inapplicable)

☐ for a term of Natural Life.

☒ for a term of ___ FIFTEEN (15) YEARS _____.

☐ said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

☐ IT IS FURTHER ORDERED that the entry of sentence be suspended as to count(s) _____ of this case.

125

Defendant __PHILL__ BUTLER_____

Case Number __98-18181_____

If "split" sentence _____ Followed by a period of _____ on Probation/Community
complete either of                    Control under the supervision of the Department of Corrections according to the
paragraphs                             terms and conditions of supervision set forth in a separate order entered herein

_____ However, after serving a period of _____ imprisonment in _____,
the balance of such sentence shall be suspended and the Defendant shall be
placed on Probation/Community Control for a period of _____
under supervision of the Department of Corrections according to the terms and
conditions of Probation/Community Control set forth in a separate order entered
herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied
before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS

( As to Count __I THRU 9_____ )

By appropriate notation, the following provisions apply to the sentence imposed:
MANDATORY / MINIMUM PROVISIONS :

FIREARM                      ____X____   It is further ordered that the three year minimum imprisonment
provisions of Florida Statute 775.087(2) are hereby imposed for the
sentence specified in this count.

DRUG TRAFFICKING          _____   It is further ordered that the _____ mandatory minimum
imprisonment provisions of Florida Statute 893.135(1) are hereby
imposed for the sentence specified in this count.

CONTROLLED SUBSTANCE
WITHIN 1000 FEET
OF SCHOOL                 _____   It is further ordered that the three year minimum imprisonment
provisions of Florida Statute 893.13(1)(e)1, are hereby imposed for the
sentence specified in this court.

HABITUAL FELONY
OFFENDER                  _____   The Defendant is adjudicated a habitual felony offender and has been
sentenced to an extended term in accordance with the provisions of
Florida Statute 775.084(4). The requisite findings by the court are set
forth in a separate order or stated on the record in open court.

HABITUAL VIOLENT
OFFENDER                  _____   The defendant is adjudicated a
VIOLENT CAREER                          _____ habitual violent felony offender
CRIMINAL                                _____ violent career criminal
and has been sentenced to an extended term in accordance with the
provisions of Florida Statute 775.084(4). A minimum term of _____
year(s) must be served prior to release. The requisite findings by the
court are set forth in a separate order or stated on the record in open
court.

LAW ENFORCEMENT
PROTECTION ACT            _____   It is further ordered that the defendant shall serve a minimum of _____
years before release in accordance with Florida Statute 775.0823.

CAPITAL OFFENSE           _____   It is further ordered that the Defendant shall serve no less than 25
years in accordance with Florida Statute 775.082(1).

SHORT-BARRELED
RIFLE, SHOTGUN,
MACHINE GUN               _____   It is further ordered that the five-year minimum provisions of Florida
Statute 790.221(2) are hereby imposed for the sentence specified in
this court.

CONTINUING CRIMINAL
ENTERPRISE                _____   It is further ordered that the 25 year mandatory minimum sentence
provisions of Florida Statute 893.20 are hereby imposed for the
sentence specified in this count.

126

Defendant  PHILLIP BUTLER

**OTHER PROVISIONS**                          Case Number   98-18181

RETENTION OF
JURISDICTION          _____     The Court retains jurisdiction over the defendant pursuant to Florida Statutes
                                     947.16(3).

JAIL CREDIT              x           It is further ordered that the Defendant shall be allowed a total of _____ 432
                                     days as credit for time incarcerated prior to imposition of this sentence.

PRISON CREDIT         _____     It is further ordered that the Defendant be allowed credit for all time previously
                                     served on this count in the Department of Corrections prior to resentencing.

CONSECUTIVE/
CONCURRENT AS TO
OTHER COUNTS             X           It is further ordered that the sentence imposed for count(s)  1 THRU 9
                                     shall run (check one)  ☐ consecutive to  ☒ concurrent with the sentence set
                                     forth in count(s)    1 thru 9    of this case.

CONSECUTIVE/
CONCURRENT AS TO
OTHER CONVICTIONS   _____       It is further ordered that the composite term of all sentences imposed for the
                                     counts specified in this order shall run ☐ consecutive to ☐ concurrent with the
                                     following:

                                     _____ Any active sentence being served.
                                     _____ Specific sentences: _____

                                     _____
                                     _____

BLOOD SAMPLE
REQUIRED            _____       It is further ordered, pursuant to section 943.325, Florida Statutes, that the
                                     defendant, having been convicted of an attempt or offense under section 794
                                     (sexual battery), 800 (lewdness or indecent exposure), 782.04 (murder),
                                     784.045 (aggravated battery), 812.133 (car jacking), or 812.135 (home invasion
                                     robbery) shall be required to submit blood specimens.

In the event the above sentence is to the Department of Corrections, the Sheriff of Dade County, Florida, is hereby
ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the
Department together with a copy of this Judgment and Sentence and any other documents specified by Florida
Statutes.

The defendant in Open Court was advised of his right to appeal from this sentence by filing notice of appeal within
thirty days from this date with the Clerk of this Court, and the defendant's right to the assistance of counsel in taking
said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends _____

_____

_____

_____

DONE AND ORDERED in Open Court at Dade County, Florida, this ____ 6th ____ day of ___ AUGUST ____, 19 _99_.

                                                                                          127

NUNC PRO TUNC: AUGUST 4, 1999          LAWRENCE A. SCHWARTZ   JUDGE

# EXHIBIT E

*α99-1-12179*

# IN THE DISTRICT COURT OF APPEAL OF FLORIDA
## THIRD DISTRICT

### CASE NO. 99-2304

## PHILLIP BUTLER,

Appellant,

vs.

## THE STATE OF FLORIDA,

Appellee.

---

## APPEAL FROM THE CIRCUIT COURT OF THE
## ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
## IN AND FOR DADE COUNTY

---

## INITIAL BRIEF OF APPELLANT

*[stamp: DOCKETED ATTORNEY]*

*[handwritten: ...in Brief due 5-13-2000]*

**JOSEPH G. TESMOND**
FL Bar No. 608254
13255 S.W. 137th Avenue
Miami, Florida 33186
Telephone: (305) 235-0530

Counsel for Appellant

# TABLE OF CONTENTS

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT

I.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
FAILING TO SUPPRESS THE IN-COURT IDENTIFICATION OF
THE APPELLANT WHEN SAID IDENTIFICATION WAS
IRREPARABLY TAINTED BY AN UNDULY SUGGESTIVE
SHOW-UP. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.

THE STATE'S IMPROPER ATTACK ON DEFENSE
COUNSEL AND GOLDEN RULE ARGUMENT CONSTITUTED
FUNDAMENTAL ERROR. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF CITATIONS

### I.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO SUPPRESS THE IN-COURT IDENTIFICATION OF THE APPELLANT WHEN SAID IDENTIFICATION WAS IRREPARABLY TAINTED BY AN UNDULY SUGGESTIVE SHOW-UP.

### CASES

Page

*NEIL v. BIGGERS,*
409 U.S. 188 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*PEREZ v. STATE,*
648 So. 2d 715 (Fla. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*WATKINS v. SOWDERS,*
449 U.S. 341 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

### Other Authorities Cited

STEVEN WISOTSKY, *Miscarriages of Justice: Their Causes and Cures,* 9 ST. THOMAS L. REV. 547 (1997) . . . . . . . . . . . . . . . . . . . . . . . 9

GARY L. WELLS & AMY L. BRADFIELD, "*Good, You Identified the Suspect": Feedback to Eyewitnesses Distorts Their Reports of the Witnessing Experience,*
JOURNAL OF APPLIED PSYCHOLOGY, VOL. 83, NO. 3 (1998) . . . . . . . . . . . 11

## II.

## THE STATE'S IMPROPER ATTACK ON DEFENSE COUNSEL AND GOLDEN RULE ARGUMENT CONSTITUTED FUNDAMENTAL ERROR.

### CASES

Page

*BERGER v. UNITED STATES,*
295 U.S. 78 (1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*DeFREITAS v. STATE,*
701 So. 2d 593 (Fla. 4th DCA 1997) . . . . . . . . . . . . . . . . . . . . . . . . 17

*FREEMAN v. STATE,*
717 So.2d 105 (Fla. 5th DCA 1998) . . . . . . . . . . . . . . . . . . . . . . . . 17

*GORE v. STATE,*
719 So. 2d 1197, 1201 (Fla. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 15

*IZQUIERDO v. STATE,*
724 So. 2d 124 (Fla. 3d DCA 1998) . . . . . . . . . . . . . . . . . . . . . . . . 16

*JACKSON v. STATE,*
421 So. 2d 15 (Fla. 3d DCA 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*JONES v. STATE,*
730 So. 2d 346 (Fla. 4th DCA 1999) . . . . . . . . . . . . . . . . . . . . . . . . 15

*KNIGHT v. STATE,*
672 So. 2d 590 (Fla. 4th DCA 1996) . . . . . . . . . . . . . . . . . . . . . . . . 17

*LEWIS v. STATE,*
711 So. 2d 205 (Fla. 3d DCA 1998) . . . . . . . . . . . . . . . . . . . . . . . . 15

*REDISH v. STATE,*
525 So. 2d 928 (Fla. 1st DCA 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*RYAN v. STATE,*
457 So. 2d 1084 (Fla. 4th DCA 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IN THE DISTRICT COURT OF APPEAL OF FLORIDA
THIRD DISTRICT

CASE NO. 99-2304

**PHILLIP BUTLER,**

Appellant,

vs.

**THE STATE OF FLORIDA,**

Appellee.

---

APPEAL FROM THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR DADE COUNTY

---

## <u>INTRODUCTION</u>

In this brief, the parties are referred to as they stood in the lower court, by proper name, or as "appellant" and "appellee" where appropriate.  The letters "R." and "T." designate  portions of the record on appeal and transcripts of the lower court proceedings, respectively.

[-1-]

## STATEMENT OF THE CASE AND FACTS

This is an appeal from a judgment of conviction and sentence after a jury trial.  The defendant was charged by information with burglary with an assault or battery (Count I), kidnapping with a weapon (Counts II-V), and attempted armed robbery (Counts VI-IX) (R. 1-9).

On Saturday morning, May 13, 1998, Cindy Fonseca (hereinafter, Cindy), an eighteen-year-old waitress, was preparing to go to work.  She had just retrieved her apron from the car and was walking back to her house when a masked gunman jumped out from behind the bushes (T. 230-31).  The subject chased Cindy into the house (T. 232).  He ran down the hallway as Cindy dashed toward her room screaming to her older sister, Manuela Fonseca (hereinafter, Manuela), to call the police.  At that moment, Cindy's thirteen-year-old brother, N.F., bolted out of his bedroom and jumped on the subject.  According to Manuela, N.F. thought that the masked intruder was their cousin playing a practical joke (T. 334).  The subject shouted at Cindy to get the boy off him, or he would shoot him (T. 233).  When Cindy grabbed her brother, the subject demanded money, but they said that they had none.

Cindy characterized the assailant's mask as a hooded "Scream" mask,

[-2-]

based on the horror movie *Scream.* She described the subject as a black male wearing a dark colored short sleeve shirt, dark baggy pants, and black sneakers; he also wore a pair of latex gloves (T. 238, 245). She testified that she was able to see his bare arms, but did not observe any tatoos (T. 255). N.F. also testified that he had an opportunity to observe the subject's hands and arms from a close range and did not see any tatoos (T. 408).

The subject walked to the living room for a minute, during which time Cindy secretly dialed 911 (T. 234). Before he returned to the bedroom, she put the receiver down and told Manuela to inform the operator that they had an emergency situation. The assailant ordered all of them into their parent's bedroom and had them sit on the bed (T. 235). A fourth occupant of the home, a minor, U.I., who had spent the night, was also sequestered in the master bedroom. The subject ordered Manuela to tie up her brother and U.I. with duct tape that he retrieved from his backpack (T. 237). Next, he directed Cindy to bind her sister with the tape (T. 238-39). While Cindy was taping Manuela's limbs, she noticed that the assailant was looking out the window (T. 239).

The subject realized that the police were about to arrive and went back

[-3-]

to the living room (T. 240).   Cindy leaned out of the bedroom door and observed the subject remove his mask for an instant and then put it back on (T. 240-41). She indicated that his hair was braided.  He had big eyes and a slim face.  She identified the defendant in open court. *Id.*

The subject, realizing the police were outside, ran back to the bedroom and told Cindy to tell them that nothing was wrong (T. 242).  He hid in the bathroom while Cindy answered the door (T. 348).   When the police knocked on the door, she informed the officers that there was no emergency while indicating with her hand that there was an intruder in the house.

Officers Mathis and Bostick responded to the 911 call six minutes after receiving the dispatch (T. 274).   Officer Bostick said that while they were talking to Cindy, she kept pointing, as if indicating that something was wrong. About thirty seconds later, the house alarm sounded and Manuela hopped down the hallway bound with duct tape (T. 275-77).  While Bostick went to the rear of the residence, other police officers arrived and Mathis started setting up a perimeter (T. 278-80).  Near the residence, in some hedges, Bostick found a gun, a mask and a latex glove (T. 283).   On cross-examination, Officer Bostick was questioned about his deposition testimony.   In his

[-4-]

deposition, the officer stated that he found some latex gloves (plural) (T. 291-93).

A short distance from the residence, Officer Mizell spotted the defendant crouched down next to a vehicle and detained him (T. 304-5). Later, when Officer Mizell transported the defendant to Officer Mathis's location, he discovered a latex glove stuck between the seats in the rear of the squad car (T. 306, 323).

Officer Rufus Boclair testified that he helped establish the perimeter on the morning in question (T. 452-53). Later Officer Boclair, while standing next to the squad car in which the defendant was sitting, spoke with a neighbor about the incident (T. 454-55). The officer mentioned that a gun had been found. At that point, according to Officer Boclair, Mr. Butler stated that they did not find any fingerprints on the gun (T. 455-56). On cross-examination, Officer Boclair stated that he did not know the neighbor's name (T. 458).

**The Motion to Suppress the Identification**

In a pre-trial hearing, the defense moved to suppress the in-court identification of the defendant because the witnesses' memories had been

[-5-]

tainted by an unduly suggestive show-up procedure.

According to Detective Degan, the show-up was conducted by driving each of the victims to the location, one by one, while the defendant stood next to a police car with his hands cuffed behind his back (T. 8-11).[1]

Cindy testified that before she was driven to the location where the defendant was being detained, Detective Degan told her that he wanted her to identify someone who had been "caught" running behind the house (T. 159).  When she identified the defendant, she was sitting inside the Detective's car; the defendant was standing by a police vehicle and "[t]he cops were right beside him." (T. 160, 171).  Earlier, the witness had described the assailant as relatively short (about 5'5"), thin, wearing baggy pants and a black short sleeved shirt.  The defendant had on a T-shirt with a "Tommy" logo printed on the front and a baseball cap (T. 165-69). Cindy did not recall the logo on the assailant's shirt (T. 169-70).

**Closing Argument**

During closing argument, the prosecutor belittled the theory of defense

---

[1]Page references to the motion to suppress refer to the transcript of the proceedings dated December 8, 1998.

[-6-]

and ridiculed the defense lawyer:

> [THE STATE] ...Mr. Perez who just spoke with you must not have been in the same trial I was and that you were in for the last three days and must not have been listening to the witnesses that sat on the witness stand that testified. Because his recollection of the testimony was ridiculous.
>
> ...Everything, every piece of evidence that convicts Mr. Butler is a lie according to Mr. Perez. Every piece of evidence that convicts Mr. Butler is planted or made up. This must be the greatest conspiracy case in Miami Dade County history for all the witnesses in here to try to convict an innocent man, Mr. Butler.
>
> That's what Mr. Perez is standing up here telling you. That's ridiculous.

(T. 611-12).

The prosecutor then went on to make a "golden rule" argument:

> [THE STATE]: Think about what Cindy went through. That's what I want you to do. When you go back into the jury room I want you to think about Cindy when Mr. Butler approached her with that gun in hand with that Scream mask on when she was getting that apron out of her vehicle on that morning. That's what I want the picture to show you when you go back into the jury room what was going through her mind.

(T. 613-14).

The defendant was convicted on all counts (R. 116). The trial court

sentenced the defendant to life imprisonment (R. 121-27).

[-7-]

## SUMMARY OF THE ARGUMENT

I.     The sole witness who perceived the assailant's face did so for only an instant under extreme circumstances. The subsequent comments made to her by the police and the suggestive manner in which the following show-up identification procedure was conducted subverted the reliability of the identification.  The trial court thus erred in failing to suppress the in-court identification.

II.    The prosecutor's improper attacks against defense counsel and the theory of defense, coupled with a golden rule argument, cumulatively amounted to fundamental error.

## ARGUMENT

### I.

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO SUPPRESS THE IN-COURT IDENTIFICATION OF THE APPELLANT WHEN SAID IDENTIFICATION WAS IRREPARABLY TAINTED BY AN UNDULY SUGGESTIVE SHOW-UP.**

The Florida Supreme Court has recognized that "despite its inherent unreliability, much eyewitness identification evidence has a powerful impact on juries." *Watkins v. Sowders,* 449 U.S. 341, 352 (1981).   "All evidence points rather strikingly to the conclusion that there is almost nothing more convincing than a live human being who takes the stand, points a finger at the defendant, and says, 'That's the one!'" *Id.*   Eyewitness misidentification, however, is the chief cause of wrongful conviction. The propensity for blunder is so great that it is nearly equal to all other forms of error combined. *See* STEVEN WISOTSKY, *Miscarriages of Justice: Their Causes and Cures,* 9 ST. THOMAS L. REV. 547, 552 (1997).   Suggestive pre-trial identification procedures heighten the possibility of unreliable eye-witness testimony.

The susceptibility of eyewitnesses to suggestive influences has been researched by psychologists.  Dr. Gary Wells, who heads the "Eyewitness

Behavior Project" at Iowa State University has found that pre and post-identification reinforcements not only affect the degree of perceived certainty a witness feels, but often causes a false memory to develop.  In the two studies, which involved a total of 352 people, the researchers had participants viewed a grainy surveillance camera videotape of a person who later shot and killed a store security guard. They were then presented a photo-spread of five faces that did not include the actual gunman, but were asked to identify the man they had seen on the videotape.  After the participants in the first study made their identifications (which were, of course, always wrong), they were randomly told: "Good.  You identified the actual suspect in the case." or "Oh.  You identified number X.  The suspect is number Y." or they received no feedback. The participants then filled out a form that asked a long series of questions about their identification, asking how good a view they had of the gunman, how well they were able to make out specific features of the gunman's face from the video, how certain they were of their identification at the time they made it, how easy or difficult it was to figure out which photo was that of the gunman, how willing they would be to testify in court that the person they identified was the gunman, etc.

Those who received positive feedback were more confident of their identification than those who received either negative feedback or no feedback at all (even though all participants were equally wrong). However, the positive feedback about the supposed accuracy of their identification seemed to make them remember almost everything about their identification differently. That is, in addition to being more confident of their choice of photographs, they also remembered having a better view of the culprit, having paid greater attention to the videotape, having had an easier time making the identification, needing less time to make the identification and being better able to make out details of the culprit's face than those who received negative feedback or no feedback. In other words, positive feedback distorted the witnesses' reports of almost every aspect of the identification process. It served, the authors say, to manufacture credible witnesses from a pool of inaccurate witnesses who were not particularly credible on their own. *See* GARY L. WELLS & AMY L. BRADFIELD, *"Good, You Identified the Suspect": Feedback to Eyewitnesses Distorts Their Reports of the Witnessing Experience,* JOURNAL OF APPLIED PSYCHOLOGY, VOL. 83, NO. 3 (1998).

The Florida Supreme Court has determined that "a show-up is

[-11-]

inherently suggestive because a witness is presented with only one suspect for identification." _Perez v. State._ 648 So. 2d 715, 719 (Fla. 1995). In-court identifications must be excluded if, under a totality of the circumstances analysis, the show-up procedure created a "substantial likelihood of irreparable misidentification." _Id._ The criteria suggested by the United States Supreme Court for weighing "likelihood of misidentification" include: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." _Neil v. Biggers,_ 409 U.S. 188, 199-200 (1972).

In the instant case, Cindy Fonseca was the only witness who had an opportunity to glimpse the subject's face. According to her testimony, she saw his face for a brief moment when she peeked down the hall and he removed his mask (T. 240-41). This was the only observation she made of the subject's face. Before she identified Mr. Butler, she described the assailant as relatively short (about 5'5"), thin, with baggy pants and a black short sleeved shirt. Despite the fact that she was able to observe the

[-12-]

subject's bare arms up close, neither Cindy or her younger brother observed any of the tatoos which Mr. Butler had on his arm (T. 255, 408). When she was taken to the location where Mr. Butler was being held, Detective Degan informed her that the defendant was seen running behind her house (T. 159). She observed the defendant in handcuffs with police officers standing next to him. Mr. Butler was wearing a T-shirt with a brand-name logo on the front, yet none of the witnesses reported that the assailant had the same logo on his shirt.

The discrepancies between Cindy's pre-identification memory and her post-identification memory (where she described particular facial features such as large eyes), the suggestive comment made to her by Detective Degan and the manner in which Mr. Butler was presented to her demonstrate that her identification was tainted and unreliable. Cindy's purported certainty and her sudden ability to detail facial characteristics, based on a fleeting glance at an individual under less than cognitively ideal circumstances, is a paradigmatic indicator of false memory. Under a totality of the circumstances test, as outlined in *Biggers,* Cindy's identification does not pass muster and thus should have been excluded.

[-13-]

Given the powerful nature of an in-court identification, with all of its attendant drama, the trial court's failure to exclude Cindy's tainted and unreliable in-court identification of Mr. Butler must be deemed harmful.

## II.

## THE STATE'S IMPROPER ATTACK ON DEFENSE COUNSEL AND GOLDEN RULE ARGUMENT CONSTITUTED FUNDAMENTAL ERROR.

A prosecutor has an ethical obligation to seek justice rather than pursuing a conviction at all costs. *See Lewis v. State,* 711 So. 2d 205 (Fla. 3d DCA 1998).

> As the United States Supreme Court observed over sixty years ago, "It is as much [the prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."

*Gore v. State,* 719 So. 2d 1197, 1201 (Fla. 1998) (*quoting Berger v. United States,* 295 U.S. 78, 88 (1935)).

Rule 4-3.4(e) of the Rules Regulating The Florida Bar provides:

A lawyer shall not:

> (e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.

*See Jones v. State,* 730 So. 2d 346, 348 (Fla. 4th DCA 1999).

It is apodictic that a prosecutor must not belittle the defense lawyer, or denigrate the theory of defense. *See Izquierdo v. State,* 724 So. 2d 124 (Fla. 3d DCA 1998); *Redish v. State,* 525 So. 2d 928 (Fla. 1st DCA 1988); *Ryan v. State,* 457 So. 2d 1084 (Fla. 4th DCA 1984); *Jackson v. State,* 421 So. 2d 15 (Fla. 3d DCA 1982).   Here, the state ridiculed the defense attorney, asserting that he must not have been listening to the witnesses because "his recollection of the testimony was ridiculous." (T. 611-12).   The prosecutor further mocked the defense by suggesting that the defense theory presupposed the 'greatest conspiracy in Dade County history.'

> The prosecutor then went on to make a classic "golden rule" argument:

> [THE STATE]:  Think about what Cindy went through.  That's what I want you to do.  When  you go back into the jury room I want you to think about Cindy when Mr. Butler approached her with that gun in hand with that Scream mask on when she was getting that apron out of her vehicle on that morning.  That's what I want the picture to show you when you go back into the jury room what was going through her mind.

(T. 613-14).

Florida courts have strongly condemned golden rule arguments because of their inflammatory nature.

> Vigorous and diligent advocacy on the part of the state is not only commendable, but is necessary to make our system of

[-16-]

jurisprudence work. However, as far as golden rule arguments are concerned, the lines are clear and bright, simply put they are improper. In short, they enjoy no safe harbor in the trial of a criminal case. In *Miku v. Olmen,* 193 So.2d 17 (Fla. 4th DCA 1966), we said that golden rule arguments were per se prejudicial and required a new trial. Only recently have we receded from this principle. *See Cleveland Clinic Florida v. Wilson,* 685 So.2d 15 (Fla. 4th DCA 1996).

*DeFreitas v. State,* 701 So. 2d 593, 601 (Fla. 4th DCA 1997).

In the case *sub judice,* the defense attorney failed to object to the aforementioned comments. The concept of fundamental error, in the context of improper prosecutorial comments, has been developed in the case-law. *See e.g., Freeman v. State,* 717 So.2d 105 (Fla. 5th DCA 1998) (fundamental error found where state bolstered of officer's testimony and mentioned an officer's funeral in newspaper); *DeFreitas, supra* (fundamental error based on cumulative effect of prosecutorial); *Knight v. State,* 672 So. 2d 590 (Fla. 4th DCA 1996) (fundamental error based on personal attacks on defense counsel, arguing facts not in evidence, and bolstering of police officer testimony). The determination of whether an improper prosecutorial argument constitutes fundamental error turns on whether the effect of the comment(s) is of such magnitude as to undermine the fairness of the proceeding.

[-17-]

In applying the 'totality of the arguments' analysis to the present case, it is clear that the cumulative effect of the prosecutor's denigration of the defense, his personal attack on defense counsel and the improper golden rule argument, in their totality, undermined the defendant's chances to receive a fair trial and thus constituted fundamental error.

## CONCLUSION

Based upon the foregoing arguments and authorities, Appellant respectfully requests that this Court reverse the judgment of the lower court and grant the Appellant a new trial.

Respectfully submitted,

JOSEPH G. TESMOND
FL Bar No. 608254
13255 S.W. 137th Avenue
Miami, Florida 33186
Telephone: (305) 235-0530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by mail to the Office of the Attorney General, Rivergate Plaza Suite #950, 444 Brickell Avenue, Miami, Florida 33131 this day of April 18, 2000.

JOSEPH G. TESMOND

[-19-]

# EXHIBIT F

IN THE DISTRICT COURT OF APPEAL OF FLORIDA

THIRD DISTRICT

CASE NO. 99-2304

PHILLIP BUTLER,

Appellant,

-vs-

THE STATE OF FLORIDA,

Appellee.

---

APPEAL FROM THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR DADE COUNTY

---

BRIEF OF APPELLEE

---

ROBERT A. BUTTERWORTH
Attorney General

M. REBECCA SPRINGER
Assistant Attorney General
Florida Bar No. 0079839
Office of the Attorney General
Appellate Division
110 S.E. 6th Street
Fort Lauderdale, Florida 33301
Telephone:    (954) 712-4600
Facsimile:    (954) 712-4761

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . 1

POINTS INVOLVED ON APPEAL . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.
THE TRIAL COURT PROPERLY ADMITTED THE VICTIM'S
IN-COURT IDENTIFICATION OF THE DEFENDANT.

II.
THE STATE'S CLOSING ARGUMENT DID NOT
CONSTITUTE AN IMPROPER ATTACK ON DEFENSE
COUNSEL, OR IMPROPER GOLDEN RULE ARGUMENT, AND
THE ALLEGED ERROR WAS NOT FUNDAMENTAL OR
OTHERWISE PRESERVED FOR REVIEW.

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

### CASES

Austin v. State,
    700 So. 2d 1233 (Fla. 4th DCA 1997)  ...................... 12

Buchanan v. State,
    575 So. 2d 704 (Fla. 3d DCA 1991)  ..................... 5, 6

Compo v. State,
    651 So. 2d 127 (Fla. 2d DCA 1995)  ...................... 14

Cooper v. State,
    712 So. 2d 1216 (Fla. 3d DCA 1998)  ...................... 13

Crespo v. State,
    379 So. 2d 191 (Fla. 4th DCA 1980),
    cert. denied, 388 So.2d 1111 (Fla. 1981)  ................ 5

Fraterrigo v. State,
    151 Fla. 634, 10 So. 2d 361 (1942)  ...................... 5

Gaines v. State,
    406 So. 2d 523 (Fla. 4th DCA 1981)  ...................... 5

Grant v. State,
    390 So. 2d 343 (Fla. 1980)  ....................... 7, 9, 10

Hamilton v. State.,
    703 So. 2d 1038 (Fla. 1997)  ............................. 7

Hendrix v. State,
    25 Fla. L. Weekly D1204 (Fla. 2d DCA May 19, 2000)  ...... 11

Johnson v. Dugger,
    817 F.2d 726 (11th Cir. 1987)  ........................... 9

Jones v. State,
    360 So. 2d 1293 (Fla. 3d DCA 1978)  ...................... 6

King v. State,
    623 So. 2d 486 (Fla. 1993)  ............................. 13

LeFleur v. State,
    569 So. 2d 1383 (Fla. 4th DCA 1990)  .................... 13

Lynn v. State,
    395 So. 2d 621 (Fla. 1st DCA 1981) ....................... 13

Mitchell v. State,
    678 So. 2d 1362 (Fla. 1st DCA 1996) ..................... 12

Nixon v. State,
    572 So. 2d 1336 (Fla. 1990) ............................. 11

San Martin v. State,
    717 So. 2d 462 (Fla. 1998), cert. denied, -- U.S. --, 119
    S.Ct. 1468, 143 L.Ed.2d 553 (1999) ...................... 7

Spann v. State,
    719 So. 2d 1031 (Fla. 3d DCA 1998) ...................... 5

Stanley v. State,
    357 So. 2d 1031 (Fla. 3d DCA), cert. denied, 364 So.2d 891
    (Fla. 1978) ............................................. 6

State v. DiGuillo,
    491 So. 2d 1129 (Fla. 1986) ......................... 10, 14

State v. Dix,
    723 So. 2d 351 (Fla. 5th DCA 1998) ..................... 12

State v. Jackson,
    744 So. 2d 545 (Fla. 5th DCA 1999) ..................... 9

State v. Murray,
    443 So. 2d 955 (Fla. 1984) ............................. 12

Watts v. State,
    593 So. 2d 198 (Fla.),   cert.denied, -U.S.--, 112 S.Ct. 3006,
    120 L.Ed.2d 881 (1992) ................................. 13

INTRODUCTION

The Appellant, Phillip Butler, was the Defendant below, and the State of Florida was the prosecution.  In this brief, the parties will be referred to as they stood in the proceedings below. All references to the record on appeal will be designated by "R." followed by the appropriate volume number and followed by the appropriate page number. All references to the transcript of proceedings will be designated by "Vol." followed by the appropriate volume number and a colon to indicate the appropriate page number.

STATEMENT OF THE CASE AND FACTS

The State is in substantial agreement with the Defendant's version of the case and facts in so far as they are accurate and non-argumentative.  Any additional facts which the State seeks to bring to the attention of the Court are contained in the argument portion of the brief.

1

## POINTS INVOLVED ON APPEAL

WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO SUPPRESS THE IN-COURT IDENTIFICATION OF THE APPELLANT?

WHETHER THE STATE'S CLOSING ARGUMENT WHEREIN THE STATE REFERRED TO THE DEFENSE ARGUMENTS AS RIDICULOUS REQUIRES REVERSAL?

2

## SUMMARY OF THE ARGUMENT

The trial court properly admitted the victim's in-court identification of the Defendant where the identification was not irreparably tainted by an unduly suggestive show-up.  Further this issue was not preserved for review where the Defendant failed to make a timely and specific objection.

The Defense failed to preserve the alleged error of the State's closing argument and this Court should decline to address the merits of this point on appeal.  Further, even if this Court finds the comments were preserved and amounted to error, the Defendant is still not entitled to relief where the error did not deprive the Defendant of a fair trial.

3

**ARGUMENT**

THE TRIAL COURT PROPERLY ADMITTED THE VICTIM'S
IN-COURT IDENTIFICATION OF THE DEFENDANT.

The Defendant argues that he is entitled to a new trial because the trial court erroneously admitted the victim's in-court identification of him. Specifically, the Defendant argues that because the victim, Cindy Fonseca's[1] out-of-court identification was "suggestive," the in-court identification should not have been permitted. Initially, the State would argue that this issue was not properly preserved for appellate review where the Defendant failed to object to the admission of the in-court identification at trial[2]. (Vol. II: 229-240). Buchanan v. State, 575 So.2d 704 (Fla. 3d DCA 1991); Spann v. State, 719 So.2d 1031 (Fla. 3d DCA 1998); Crespo v. State, 379 So.2d 191 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1111 (Fla. 1981). As such, where the objection must have been made before the evidence was admitted, and must have been renewed, notwithstanding a prior adverse ruling on a motion to suppress, this Court should decline to address the merits of this issue. Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361 (1942); Gaines v.

---

[1]     Hereinafter referred to as the victim.

[2]     The Defendant similarly failed to object to any other identifications made by other victims. (Vol. II: 353, 400). In fact, contrary to the Defendant's assertions on appeal that the identifications did not detail the Defendant's clothing, Norman Fonseca testified, without objection, that he identified the Defendant immediately after the crime by his clothing, namely, his black Tommy Hillfiger shirt. (Vol. II: 400).

State, 406 So.2d 523 (Fla. 4th DCA 1981); Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978); Stanley v. State, 357 So.2d 1051 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla. 1978).

In the instant case, the Defendant filed a pre-trial motion to suppress his out-of-court identification and in-court identification. (R.: 19-20). The court denied the motion after hearing. During trial, one of the victim's who had seen the Defendant's face (Cindy Fonseca), during the invasion of her home, identified the Defendant in the courtroom as the person who had committed the burglary. (Vol. II: 240). The Defense at no time objected to the admission of the identification. In Buchanan v. State, 575 So.2d 704 (Fla. 3d DCA 1991), a case with almost identical facts as those in the instant case, this Court found that the defendant's failure to renew his objection to the admission of pretrial and in-court identifications of the defendant on the grounds that police used unnecessarily suggestive procedures, was precluded for appellate review where the defendant failed to timely object at trial even though his previous motion to suppress such identifications had been denied. This Court should therefore not reach the merits of this claim. Id.

However, in the event this Court determines this issue was preserved for review, the State would argue that the in-court identification was properly admitted where the police did not use unnecessarily suggestive procedures in obtaining identification of

5

the Defendant.  In reviewing the decision below, the decision of the trial court is clothed with a presumption of correctness, San Martin v. State, 717 So.2d 462 (Fla. 1998), cert. denied, -- U.S. --, 119 S.Ct. 1468, 143 L.Ed.2d 553 (1999), and the ruling should not be disturbed on appeal absent and abuse of discretion.  Hamilton v. State., 703 So.2d 1038, 1044 (Fla. 1997).  The appropriate test in determining whether to introduce an out-of-court identification in a criminal prosecution is twofold: did the police employ unnecessarily suggestive procedure in obtaining the identification; and if so, considering all the circumstances, did the suggestive procedure give rise to the substantial likelihood of irreparable misidentification.  Grant v. State, 390 So.341 (Fla. 1980).  The factors to be considered in evaluating the likelihood of misidentification, for purposes of determining admissibility include: the opportunity of the witness to view the criminal at the time of the crime, the witnesses degree of attention, the accuracy of the witnesses prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.  Id.

Initially, the State would argue that the police did not employ an unnecessarily suggestive procedure in obtaining the victim's identification.  Police witnesses testified that after apprehending the Defendant, who was crouching near a car a block and a half from the victim's home, the victim was told "we are going to go down the

6

street to look at somebody." (R.: 144,). The police further told
the victim to let them know if she recognized the person as the
assailant. (R.: 144). At no time was the victim told that the
person she would see was in fact the person who had forced his way
into her home or that she should "pick this individual." (R.: 144).
When the victim saw the Defendant, she made an identification and
said, "that's the guy." (R.: 146). The officer who drove the
victim to the Defendant's location arrived at her location at 11:07
and she made her identification at 11:11. (R.: 146). The victim
further explained that during the incident, the Defendant had
removed his mask, and that she had an opportunity to observe his
face and knew that he had "platted hair." (R.: 146-147). The
victim also stated that she recognized the clothing the Defendant
was wearing. (R.: 151). The victim was then taken back to her home
and was told not to speak with any other witnesses[3] regarding her
identification. (R.: 152).

Clearly, there is no evidence to show that the identification
itself was conducted in an improper or suggestive manner where the
victim, who saw the Defendant's face, clothing, and hair-style, was
transported to look at a "possible" suspect, and was never in any
way encouraged to identify the Defendant simply because he was the

_____

[3]     During the Motion to Suppress, Officer Degan testified
that other witnesses identified the Defendant by his clothing and
build and that the Defendant eventually admitted to breaking into
the victim's home at gunpoint. (R.: 136-239).

7

person apprehended. <u>State v. Jackson</u>, 744 So.2d 545 (Fla. 5th DCA 1999)(in light of totality of circumstances, show-up conducted 15 minutes after robbery was reasonable and not conducive to irreparable mistaken identification of defendant, who was observed in handcuffs at scene of his apprehension; witness had good opportunity to view defendant). The State would further argue show-ups are not unnecessarily suggestive unless the police aggravate this suggestiveness of the confrontation. <u>Johnson v. Dugger</u>, 817 F.2d 726 (11th Cir. 1987). Here, there is no evidence to suggest that the police aggravated the suggestiveness of the confrontation merely because the Defendant was handcuffed and was the only suspect at the scene where the Defendant was apprehended immediately after the crime and was immediately identified. <u>State v. Jackson</u>, 744 So.2d 545 (Fla. 5th DCA 1999).

In addition, although the State would argue that identification process was not unduly suggestive, should this Court determine it was, there are several factors to be considered when determining whether the identification procedure gave rise to a substantial likelihood of irreparable misidentification. <u>Grant v. State</u>, 390 So.2d 343 (Fla. 1980). The factors to be considered in evaluating the likelihood of misidentification, for purposes of determining admissibility include: the opportunity of the witness to view the criminal at the time of the crime, the witnesses degree of attention, the accuracy of the witnesses prior description of the

8

criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Id. In the instant case the victim had a good opportunity to view the Defendant's face, hair style, and clothing at the time of the crime. In addition, the victim clearly paid great attention in looking at the Defendant and immediately identified the Defendant at the roadside with great certainty. Further, the identification was made almost immediately after the crime. As such, the State would argue that even if this Court finds this issue was preserved, and that the identification procedure used was unduly suggestive, there is clearly no likelihood of irreparable misidentification. Id. As such, the Defendant's convictions and sentences should be affirmed.

However, should this Court determine that this issue was preserved, and that the trial court improperly admitted the in-court identification, the error was harmless in light of this Cindy Fonseca's out-of court identification of the Defendant (which is not challenged on appeal), other victim's identifications of the Defendant, physical evidence tying the Defendant to the crime, and the Defendant's confession wherein he admitted committing the crimes charged. State v. DiGuillo, 491 So.2d 1129 (Fla. 1986).

9

II.

THE STATE'S CLOSING ARGUMENT DID NOT CONSTITUTE
AN IMPROPER ATTACK ON DEFENSE COUNSEL, OR
IMPROPER GOLDEN RULE ARGUMENT, AND THE ALLEGED
ERROR WAS NOT FUNDAMENTAL OR OTHERWISE
PRESERVED FOR REVIEW.

The Defendant argues that although he failed to object at
trial, the cumulative effect of some of the State's closing
arguments which "denigrated" his defense, entitle him to a new
trial. Specifically, the Defendant challenges the State's argument
that the Defense had misrepresented the record and that his argument
was "ridiculous" and that the Defense theory was a "conspiracy
theory." The Defendant further argues that the State made an
argument in violation of the "golden rule" when the State argued the
following:

> "Think about what Cindy went through. That's
> what I want you to do. When you back into the
> jury room I want you to think about Cindy when
> Mr. Butler approached her with that gun in hand
> with that Scream mask on when she was getting
> that apron out of her vehicle on the morning.
> That's what I want you to picture to show you
> when you go back into the jury room what was
> going through her mind."

Initially, as conceded by the Defendant, the above alleged errors
were not preserved for review. Nixon v. State, 572 So.2d 1336 (Fla.
1990)(if counsel fails to object to alleged improper closing
argument, his silence will be considered an implied waiver); Hendrix
v. State, 25 Fla. L. Weekly D1204 (Fla. 2d DCA May 19,
2000)(defendant who failed to object to prosecutor's allegedly

10

improper comment during closing argument and move for a mistrial at an time during the proceedings waived any objection to allegedly improper closing argument). As such, this Court should decline to address the merits of the above claim.

Further, the State would argue that the above comments in no way vitiated the entire trial or otherwise amounted to fundamental error where the State was not attacking the Defense attorney, but instead the "defense" theories[4], and where the State did not violate the "golden rule" by asking the jurors to consider evidence of the well-founded fear that went through the mind of the victim[5] as a direct result of the Defendant's actions. Austin v. State, 700 So.2d 1233 (Fla. 4th DCA 1997)(the state has a right, and in fact a duty, to respond to the explanation of the charges given by the defense, because to ignore the defense is to give it credence); State v. Dix, 723 So.2d 351 (Fla. 5th DCA 1998); State v. Murray, 443 So. 2d 955 (Fla. 1984); Mitchell v. State, 678 So.2d 1362 (Fla. 1st DCA 1996)(prosecutor's remarks were an invited, fair reply to initial remarks made by defense counsel and, when considered in context, did not constitute prejudicial error so as to require a new

---

[4]     i.e., conspiracy, planted evidence, and arguments unsupported by the record.

[5]     Indeed, with regard to the jury instruction given for the Defendant's burglary with an assault or battery charges, the State was required to prove that the criminal act of the Defendant "created **in the minds of the victims** a well-founded **fear** that the violence was about to take place." (R.: 92).

trial; counsel is accorded wide latitude in making arguments to a jury, particularly in retaliation to prior improper remarks made by opposing counsel); Lynn v. State, 395 So.2d 621 (Fla. 1st DCA 1981)(statements made by assistant state attorney in closing argument were fair comments to refute statements made by defendant's trial counsel during closing argument and therefore did not require reversal); LeFleur v. State, 569 So.2d 1383 (Fla. 4th DCA 1990)(when defense counsel's statements invite a response, the prosecutor's closing argument can rebut such statements); King v. State, 623 So.2d 486 (Fla. 1993); Watts v. State, 593 So.2d 198 (Fla.), cert.denied, -U.S.--, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992).

Finally, even if this Court finds this issue was preserved and that the State's comments during closing were error, the error was harmless beyond a reasonable doubt in light of overwhelming evidence of guilt, including but not limited to: eye-witness identifications of the Defendant at the scene and at trial, physical, i.e., mask, gloves etc., and the Defendant's confession wherein he detailed his planning and participation in the crimes charged. Cooper v. State 712 So.2d 1216 (Fla. 3d DCA 1998)(prosecutor's improper comments during closing argument did not warrant new trial in robbery prosecution; comments were no so inflammatory or egregious so as to deprive defendant of a fair trial, and evidence of defendant's guilt was overwhelming). Therefore, where the record in the instant case reveals that even if the State's argument was in error, based upon

12

the overwhelming evidence of the Defendant's guilt, the argument did not prejudicially affect the substantive rights of the appellant and did not affect the verdict. The Defendant's convictions and sentences should be affirmed. Compo v. State, 651 So.2d 127 (Fla. 2d DCA 1995); State v. Murray, 443 So.2d 955 (Fla. 1984); State v. DiGuillo, 491 So.2d 1129 (Fla. 1986).

13

CONCLUSION

Based upon the foregoing arguments and cited authorities, the Appellee respectfully requests that this Court affirm the Defendant's convictions and sentences.

Respectfully Submitted,

ROBERT A. BUTTERWORTH
Attorney General

M. REBECCA SPRINGER
Assistant Attorney General
Florida Bar No. 0079839
Office of the Attorney General
Appellate Division
110 S.E. 6th Street
Fort Lauderdale, Florida 33301
Telephone:   (954) 712-4600
Facsimile:   (954) 712-4761

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief of Appellee was mailed to Joseph G. Tesmond, 13255 S.W. 137th Avenue, Miami, Florida 33186 on this 18th day of September, 2000.

M. REBECCA SPRINGER
Assistant Attorney General

14

# EXHIBIT G

NOT FINAL UNTIL TIME EXPIRES
TO FILE REHEARING MOTION
AND, IF FILED, DISPOSED OF.

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

THIRD DISTRICT

JULY TERM, A.D. 2000

RECEIVED

DEC 08 2000

Office of the Attorney General
Ft. Lauderdale / Criminal Appeals

PHILLIP BUTLER,                    **

      Appellant,               **

vs.                                **      CASE NO. 3D99-2304

THE STATE OF FLORIDA,              **      LOWER
                                          TRIBUNAL NO. 98-18181
      Appellee.                **

    Opinion filed December 6, 2000.

    An appeal from the Circuit Court for Dade County, Lawrence
A. Schwartz, Judge.

    Joseph G. Tesmond, for appellant.

    Robert A. Butterworth, Attorney General and M. Rebecca
Springer, Assistant Attorney General, for appellee.

Before GREEN, FLETCHER, and SORONDO, JJ.

    PER CURIAM.

    Affirmed.

DOCKETED
DEC 8 2000
S.S.
ATTORNEY GENERAL

RECEIVED
DEC

ATTORNEY GENERAL
MIAMI OFFICE



ALAN R. SCHWARTZ
    CHIEF JUDGE
JAMES R. JORGENSON
GERALD B. COPE, JR.
DAVID L. LEVY
DAVID M. GERSTEN
MARIO P. GODERICH
MELVIA B. GREEN
JOHN G. FLETCHER
ROBERT L. SHEVIN
RODOLFO SORONDO, JR.
JUAN RAMIREZ, JR.
    JUDGES

MARY CAY BLANKS
    CLERK
KENNETH F. POTTER
    MARSHAL
ANN E. HEARIN
CHIEF DEPUTY CLERK
DOROTHY L. TUTT
DEPUTY MARSHAL

# DISTRICT COURT OF APPEAL
## THIRD DISTRICT
2001 S. W. 117 AVENUE
MIAMI, FLORIDA 33175-1716

TELEPHONE (305) 229-3200

December 22, 2000

RE:  Phillip Butler vs. State
     CIRCUIT #98-18181
     DCA #99-2304

This is to advise you that the mandate in the above styled cause has been issued this date and mailed to Harvey Ruvin, Clerk of the Circuit Court of Dade County, Florida.

RECEIVED
DEC 27 2000
Office of the Attorney General
Ft. Lauderdale / Criminal Appeals

Very truly yours,

Clerk District Court of
Appeal,   Third District



MCB/kw

cc:  Joseph G. Tesmond; M. Rebecca Springer

# EXHIBIT H

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CRIMINAL DIVISION

CASE NO. F98-18181
Judge: Lawrence Schwartz

THE STATE OF FLORIDA,

      Plaintiff,

vs.

PHILLIP BUTLER,

      Defendant.

_____/

## DEFENDANT'S POSTCONVICTION MOTION PURSUANT TO RULE 3.850 FOR NEW TRIAL AND REQUEST FOR EVIDENTIARY HEARING

The Defendant/Petitioner, Phillip Butler, pursuant to Florida Rule of Criminal Procedure 3.850 requests this court to enter an order vacating his convictions for Burglary with an assault or battery, kidnapping with a weapon and attempted armed robbery, and to grant him a new trial in the above-captioned cause. In support of this motion the Petitioner submits the following:

### INTRODUCTION

This motion for post-conviction relief alleges that Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 9 and 16 of the Florida Constitution

on two separate grounds:  (1) The trial attorneys, John Perez and Miguel San Pedro,
performed deficiently by failing to investigate and list defense witnesses who would have
corroborated the theory of defense; and (2) the attorney failed to move the court to strike
the jury panel during voir dire after a prospective juror stated in open court that Mr.
Butler looked like the man who had robbed her.

## PROCEDURAL HISTORY

1.  The defendant was charged by information with burglary with an assault or
battery (Count I), kidnapping with a weapon (Counts II-V), and attempted armed robbery
(Counts VI-IX).  Following a jury trial, Mr. Butler was convicted of burglary with an
assault or battery (Count I), kidnapping with a weapon (Counts II-V), and attempted
armed robbery (Counts VI-IX). The court sentenced him to life imprisonment.

2.  On December 6, 2000, the Third District Court of Appeal issued a *per curiam*
affirmance of the Petitioner's conviction and sentence. (Appellate Case No. 3D99-2304)

3.  The Petitioner has not filed any prior motions for post-conviction relief and
there are no other motions or petitions pending before any court regarding this cause, or
the issues raised herein.

4.  The claims raised in this motion have not been raised by Petitioner in any prior
motions.

5.  The claims addressed in this motion were not raised on direct appeal since they
could not be raised on direct appeal, either because they concern matters outside the

[-2-]

record, or were not properly preserved for review.

## GROUNDS FOR POST CONVICTION RELIEF

### Ground 1

**Petitioner Was Denied the Effective Assistance of Counsel in Violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 9 and 16 of the Florida Constitution Because Defense Counsel Failed to investigate defense witnesses who would have offered exculpatory evidence.**

**Supporting Facts.**   Mr. Butler was accused of a home-invasion robbery which was perpetrated by a masked gunman on the morning of May 13, 1998. He was arrested a short distance from the residence in the Cutler Ridge area.   The Petitioner furnished his attorney the names of two individuals, Darrel Jackson, who lived in Ft. Lauderdale, and Chris Johnson, from Hollywood, who would have confirmed that on Friday evening, May 12, 1998, they drove Mr. Butler to a party in Cutler Ridge and later left without him. The following morning, the Petitioner was walking through the neighborhood on his way to a main highway in order to get a ride when the police arrested him.  Defense counsel never interviewed the witnesses and failed to call them at trial, despite the fact that they could have explained Mr. Butler's presence in the area. Their testimony, therefore, would have corroborated the Petitioner's theory of defense, viz., that his presence in the area was innocent and that one of the victim's misidentified him.[1]

---

[1]. *See Odom v. State*, 770 So.2d 195, 197 (Fla. 2d DCA 2000) (claim of ineffective assistance of counsel based on counsel's failure to investigate witnesses must include: (1) the

[-3-]

**Applicable Law.**    The Sixth Amendment's right to counsel ensures that the

attorneys function so as to make the adversarial process work in that particular case. *See*

*Downs v. State,* 453 So.2d 1102, 1106-07 (Fla.1984). "The benchmark for judging claims

of ineffectiveness ... is whether the conduct of counsel 'so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced

a just result.' " *Downs,* 453 So.2d at 1106. An attorney's performance must be reasonable

under the prevailing professional norms, considering all of the circumstances, and viewed

from the attorney's perspective at the time of trial. *Id.* There is a strong presumption of

reasonableness that must be overcome, and strategic or tactical decisions by counsel made

after a thorough investigation are "virtually unchallengeable." *Downs,* 453 So.2d at 1108.

Nevertheless, "patently unreasonable" decisions, although characterized as tactical, are

not immune. *See Roesch v. State,* 627 So.2d 57, 58 n. 3 (Fla. 2d DCA 1993).

A defense lawyer is obligated to investigate witnesses who possess exculpatory

evidence.  The failure to investigate relevant defense witnesses who can corroborate the

theory of defense constitutes a facially sufficient claim of ineffectiveness and requires an

evidentiary hearing. *See e.g., Stokes v. State,* 763 So. 2d 1219 (Fla. 1st DCA 2000);

*Mallory v. State,* 577 So.2d 987 (Fla. 4th DCA 1991) (reversing summary denial of claim

appellant's identification of the witness, or witnesses, who would have testified; (2) the
substance of the witness's testimony; and, (3) a description of the prejudice suffered due to
the omission of the witness's testimony at trial).

[-4-]

that defense counsel failed to investigate alibi witnesses); *Williams v. State*, 642 So.2d 67

(Fla. 1st DCA 1994) (failing to call alibi witnesses can be ineffective assistance of

counsel and trial court must attach record conclusively demonstrating no entitlement to

relief or hold evidentiary hearing); *Majewski v. State*, 487 So.2d 32 (Fla. 1st DCA 1986)

(failure to interview or call alibi witnesses can support a finding of ineffective assistance

of counsel); *Young v. State*, 511 So.2d 735 (Fla. 2d DCA 1987) (trial counsel's failure to

call alibi witnesses constitutes prima facie showing of entitlement to relief, subject to

rebuttal); *Morales v. State*, 731 So. 2d 91 (Fla. 4th DCA 1999) (failure to interview

witnesses who could verify self defense theory); *Adams v. State*, 696 So. 2d 943 (Fla. 2d

DCA 1997) (failure to investigate self-defense witness).

## Ground 2

**Petitioner Was Denied the Effective Assistance of Counsel in Violation
of the Fifth, Sixth and Fourteenth Amendments to the United States
Constitution and Article I, Sections 9 and 16 of the Florida Constitution
Because Defense Counsel Failed to move to strike the venire during jury
selection.**

**Supporting Facts.**   During voir dire, a prospective juror, Ms. Ahmadi, indicated

that she had been the victim of an armed robbery when she was with her five year old

son.  When the prosecutor asked her if she could separate that experience from this case,

Ms. Ahmadi stated that Mr. Butler looked like the assailant, who had never been

apprehended.[2] Defense counsel failed to request that the venire be stricken due to the incredibly prejudicial nature of the juror's remark which tainted the panel. Nor did defense counsel raise an objection and request that the members of the venire be questioned in order to determine if any of them had been tainted by the comment.

    **Applicable Law.**    The purpose of jury selection is to ensure that the defendant is tried by an impartial jury. In this case, Ms. Ahmadi's suggestion, stated before the entire panel, that Mr. Butler might have been the person who robbed her at gunpoint should have prompted defense counsel to move to strike the panel, or at a minimum request the trial court to conduct individual voir dire in order to determine if any of the prospective jurors had been tainted by the remark. Counsel's failure to raise any objection, or seek any remedy, undermined Mr. Butler's right to an impartial jury.

    The failure to preserve a voir dire error for appellate review constitutes ineffective assistance of counsel. *See Baber v. State,* 776 So. 2d 309 (Fla. 4th DCA 2000) (failure to preserve state's peremptory challenge against sole African-American venireperson substantiated claim of ineffective assistance); *Black v. State,* 771 So. 2d 583 (Fla. 4th DCA 2000) (failure to preserve issue of 30 minute time limitation imposed on jury selection raised sufficient claim of ineffectiveness).

## CONCLUSION

---

    [2]Ms. Ahmadi's statements appear on pages 46-47 of the trial transcript.

WHEREFORE, defendant/Petitioner asks this Court to grant this motion for an evidentiary hearing, vacate Petitioner's convictions and his sentence in the above-captioned case, and order a new trial.

Respectfully submitted,

JOSEPH G. TESMOND
FL Bar No. 608254
150 Alhambra Circle, Suite 1270
Coral Gables, Florida 33134
Telephone: (305) 442-0000

## VERIFICATION

Attached is oath/verification State of Florida, Department of Corrections form DC2-527.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded by mail to the Office of the State Attorney, E.R. Graham Building, 1350 NW 12th Avenue, Miami, Florida 33136-2111 this _19_ day of _OCT._ 2001.

JOSEPH G. TESMOND

Counsel For Petitioner

[-7-]

**State of Florida**
**Department of Corrections**

## OATH/VERIFICATION

Under penalties of perjury, I _Phillip Butler_ declare that I have read the foregoing (document) and that the facts stated in it are true.

_10-31-01_
Date

_Phillip Butler_
Signature of Declarant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing (document) has been furnished by the U.S. Mail—postage prepaid to: _Joseph G. Tesmond_
_150 Alhambra circle_
_Suite 1270_
_Coral Gables Fl 33134_

This _Mon_ day of _October_, 20_01_.

Institution and address:

_Liberty correctional inst._
_P217 Box 1_
_Bristol Fl 32321-9711_

DC2-527 (3-01)

# EXHIBIT I

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA, IN AND FOR DADE COUNTY

CASE NO. 98-18181

STATE OF FLORIDA,

      Plaintiff,

vs.

                         **RESPONSE TO DEFENDANT'S**
                         **RULE 3.850 MOTION FOR POST-**
                         **CONVICTION RELIEF**

PHILLIP BUTLER,

      Defendant.

_____/

      **THE STATE OF FLORIDA,** by and through undersigned counsel, hereby files its Response

to the Defendant's Rule 3.850 Motion For Post Conviction Relief and states as follows:

## PROCEDURAL HISTORY

      On or about June 19, 1998, the Defendant was charged by Information with burglary with

assault or battery (Count I), four counts of kidnapping with a weapon (Counts II - V), and four counts

of attempted armed robbery (Counts VI - IX). (Ex. A). Defendant was tried by a jury and convicted

of the charged offenses. (Ex. B). On August 4, 1999, Defendant was sentenced to life imprisonment.

      The Defendant filed a direct appeal, case no. 99-2304, in which he raised the following

issues:

      I) THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO
      SUPPRESS THE IN-COURT IDENTIFICATION OF THE APPELLANT WHEN
      SAID IDENTIFICATION WAS IRREPARABLY TAINTED BY AN UNDULY
      SUGGESTIVE SHOW-UP.

      II) THE STATE'S IMPROPER ATTACK ON DEFENSE COUNSEL AND
      GOLDEN RULE ARGUMENT CONSTITUTED FUNDAMENTAL ERROR.

-1-

The appellate court entered a per curiam affirmance on December 6, 2000.  Butler v. State, 774

So.2d 699 (Fla. 3rd DCA 2000). The mandate issued on December 22, 2000.

On or about October 19, 2001, Defendant filed the subject motion for post conviction relief,

through counsel, in which he alleged the following claims of ineffective assistance of trial counsel:

> 1) Petitioner Was Denied the Effective Assistance of Counsel in Violation of the
> Fifth, Sixth and Fourteenth Amendments to the United States Constitution and
> Article I, Sections 9 and 16 of the Florida Constitution Because Defense Counsel
> Failed to investigate defense witnesses who would have offered exculpatory
> evidence.

> 2) Petitioner Was Denied the Effective Assistance of Counsel in Violation of the
> Fifth, Sixth and Fourteenth Amendments to the United States Constitution and
> Article I, Sections, 9 and 16 of the Florida Constitution Because Defense Counsel
> Failed to move to strike the venire during jury selection.

### ARGUMENT

To support a claim of ineffective assistance of counsel, Defendant must meet the two prong

test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

The first prong requires a showing that counsel's performance was deficient.  The second prong

requires a showing that but for the deficient performance, the outcome of the proceeding would have

been different.  Id.  The performance inquiry must be whether counsel's assistance was reasonable

"considering all the circumstances," and in making this determination, the court "must indulge a

strong presumption that counsel's conduct fell within the range of reasonable professional

assistance."  Id. at 694 (citations omitted).

1) In the first issue, Defendant argues that trial counsel was ineffective for failure to interview

and call two people as alibi witnesses.  Defendant has proffered that Darrel Jackson (who lives in

Fort Lauderdale) and Chris Johnson (who lives in Hollywood) would have confirmed his alibi that

these two individuals drove him to a party in Cutler Ridge on May 12, 1998, a Friday evening.

-2-

According to Defendant, the two men left the party without him. Accordingly, Defendant claims that he was walking through the Cutler Ridge neighborhood early the next morning, on his way to a main highway to get a ride home, when the police arrested him.

Defense counsel is not ineffective for failing to call witnesses where there was ample evidence contradicting the proffered testimony of the witnesses. Absent extraordinary circumstances, failure of counsel to call a witness is not a ground for collateral attack. Cooley v. State, 642 So.2d 108 (Fla. 3rd DCA 1994); Gonzalez v. State, 744 So.2d 1102 (Fla. 3rd DCA 1999); Jacobs v. State, 26 Fla. Law Weekly D2702 (Fla. 3rd DCA Nov. 14, 2001).

In the present case, there were three identifications of the Defendant. These were made by the children who lived in the house: sixteen year old Cindy Fonesca, twenty year old Manuela Fonesca and their fourteen year old brother, N.R. (T. 229 - 246, 270 - 271, 327, 337 - 340, 351 - 360, 390 - 400). (Ex. C). According to Cindy, the Defendant entered the house in a hooded mask that resembled a mask worn in the horror movie "Scream". She described the person as a black male wearing a dark colored short sleeve shirt, dark baggy pant, black sneakers and a pair of latex gloves. The Defendant ordered the siblings, plus another child who was visiting the home, to the master bedroom. He then ordered Manuela to tie up the her brother and their visitor with duct tape and then told Cindy to bind her sister with the tape. While Cindy was doing so saw the Defendant remove his mask, enabling Cindy to identify Defendant by his face as well as his clothes. The others made their identification based on Defendant's clothing, which they described with accurate details.

In addition to the three identifications made by the victims, Defendant gave an oral confession to Detective Deegan. (T. 515 - 544). Lastly, a latex glove which matched one found near the scene was found in the back of the police car after Defendant got out of the car. In light of the

-3-

abundance of evidence contradicting the proffered testimony, the failure to call the alleged alibi witnesses constituted a sound tactical decision and not ineffective assistance of counsel. *See also* Strickland.

2) In his second issue, Defendant claims that trial counsel was ineffective for failing to strike the jury venire when prospective juror Ahmadi stated that she was robbed while with her five year old son and that the Defendant looked like the assailant, who was never apprehended. The Defendant's argument is without merit.

The entirety of the statements pertaining to this issue are as follows:

MATHIS (PROSECUTOR): Miss Ahmadi Assil, you work as a waitress primarily?

AHMADI: Yes.

MATHIS: You have been the victim of a robbery. Can you tell me a little about that?

AHMADI: One night in the restaurant I got out of I was robbed at gunpoint.

THE COURT: Anyone ever arrested?

AHMADI: No.

(T. 21 - 22).

...

MATHIS: Anyone feel just because of the charges without hearing any evidence I just can't be a fair and impartial juror, I can't follow the law?  Anyone feels that way?  Miss Ahmadi?

AHMADI: Yes. When I got robbed it was with my son. He was five years old back then. The only thing I was thinking was just don't shoot, take whatever you want, take my car whatever you want, please don't shoot. It's really hard for me, people who rob.

MATHIS: Okay.

AHMADI: With guns and we see them every day, every night.

MATHIS: You mean on television?

AHMADI: Yes.

MATHIS: On the news?

AHMADI: Yes. We're afraid to go out.

MATHIS: But this isn't the individual that did those terrible things to you and your child, is it?

AHMADI: No – it look like it.

...

MATHIS: ...You can't be predisposed to say he looks like the one that did those things because that's not what America is about. That's not what the United States is about. That's not what the Constitution is about.

It's about each person sitting on their own entitled to a fair trial and due process. I want you to hold me to my burden. I want you to hold Mr. Jacobs to his burden.

Because if you don't we're in trouble, this country is in trouble. Can you put aside what happened with you and your child and give this man a fair trial? If you can't that's fine, you need to let us know. Think about it, I'll come back.

AHMADI: Okay.

(T. 46 - 48).

Defendant now argues that defense counsel was ineffective for failing to request that the

venire be stricken based on a perceived taint by Ahmadi's comment. Defendant further argues that

defense counsel should have requested that the venire be questioned in order to determine if any of

them had been tainted by the comment. The State maintains that the comment was not the type of

comment that could result in the venire being tainted. When taken out of context, it seems as if

Ahmadi inferred that she thought the Defendant could be the same person who robbed her. But

when the voir dire is read in context it is clear that the prosecutor established that the Defendant was

*not* the person who robbed Ahamdi, but looked like him. However, in an abundance of caution, the prosecutor choose to address the issue further and went on to stress the fact that he has the burden to prove that Defendant is guilty and that it is improper to be predisposed to convict Defendant because of the way he looks. In conclusion, he assured Ms. Ahmadi that it was okay if she acknowledged that she could not put aside what happened and give Defendant a fair trial, but that she would have to let them know if that was the case. (T. 46 - 48).

Defense counsel San Pedro then followed up on this issue and directly asked all those who were victims of crimes if they could put they feelings about that aside when dealing with the case. (T. 96 - 97). Prospective juror Ahmadi did not respond to this direct question. Apparently she no longer had a problem. Nevertheless, it was understandable that she was ultimately stricken for cause. However, her comments were not of an inflammatory nature that would have formed a sufficient basis to strike the entire venire. Bauta v. State, 698 So.2d 860 (Fla. 3rd DCA 1997); Brower v. State, 727 So.2d 1026 (Fla. 4th DCA 199). Although they were not directly asked if Ahmadi's statement affected their ability to serve as jurors, the direct questions and related statements by both the prosecutor and defense counsel sufficiently showed that it was not necessary to discharge the entire jury panel. Bauta. As there was no error, counsel was not ineffective. Strickland.

WHEREFORE, the State respectfully requests that this honorable Court deny the Defendant's subject motion for post conviction relief, as each of Defendant's claims are refuted by the record.

Respectfully submitted,

ROBERT A. BUTTERWORTH
Attorney General
Tallahassee, Florida

LINDA S. KATZ
Assistant Attorney General
Florida Bar No. 0672378
Department of Legal Affairs
Office of Attorney General
Rivergate Plaza, Suite 950
444 Brickell Avenue
Miami, Florida  33131
(305) 377-5441

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing **RESPONSE** was

hand-delivered to Joseph G. Tesmond, Esq., 150 Alhambra Circle, Suite 1270, Coral Gables, Fl

33134, on this 13th day of March, 2002.

LINDA S. KATZ
Assistant Attorney General

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

CASE NO. 98-18181

STATE OF FLORIDA,

        Plaintiff,

vs.

                                    **APPENDIX TO RESPONSE**

PHILLIP BUTLER,

        Defendant.

_____/

A        Information

B        Judgment & Sentence.

C        Trial excerpts: testimony of Cindy Fonseca- pages 229 - 246, 270 - 271; testimony of
Manuela Fonseca - pages 327 , 337 - 340, 351 - 360; testimony of Norman
Fonseca - pages 390 - 400; testimony of Detective Deegan - pages 515 -
544.

D        Trial excerpts of voir dire: pages 21 - 22; 46 - 48; 96 - 97.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing **APPENDIX TO
RESPONSE** was hand-delivered to  Joseph G. Tesmond, Esq., 150 Alhambra Circle, Suite 1270,
Coral Gables, Fl 33134, on this 13th day of March, 2002.

ROBERT A. BUTTERWORTH
Attorney General
Tallahassee, Florida

LINDA S. KATZ
Assistant Attorney General
Florida Bar No. 0672378
Department of Legal Affairs
Office of Attorney General
Rivergate Plaza, Suite 950
444 Brickell Avenue
(305)377-5441
Fax No. (305)377-5655

# EXHIBIT J

cc: ATTY· IOSEPH G. TESMOND 

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| DIVISION | ORDER DENYING MOTION | CASE NUMBER |
|---|---|---|
| ☒ CRIMINAL | FOR RELIEF PURSUANT | 98-18181 |
| ☐ TRAFFIC | TO RULE 3.850 | |
| ☐ OTHER | ☐ With Evidentiary Hearing | |
| | ☒ Without Evidentiary Hearing | |

THE STATE OF FLORIDA        VS.        **PHILLIP BUTLER**

**FILED**

MAR 2 2 2002

CLERK

PLAINTIFF                    DEFENDANT(S)

THIS CAUSE HAVING COME BEFORE THE COURT upon the motion of the above prisoner for relief pursuant to RULE 3.850, Criminal Procedure, and the Court having examined said motion and finding that the allegations con- tained therein do not constitute legal grounds for granting the New Trial or release of the prisoner, and the motion being insufficient in substance to support the relief prayed, it is thereupon

ORDERED AND ADJUDGED that the motion for relief pursuant to RULE 3.850, Criminal Procedure, be, and the same is hereby DENIED.

The movant is advised that he/she has the right to appeal within thirty days of the rendition of this order and is further advised that he/she file a motion for rehearing within fifteen days of the date of service of this order.

DONE AND ORDERED at Miami, Florida, this ___21ST___ day of _____MARCH_____, 20_02_.

Clerk's web address: www.miami-dadeclerk.com

JUDGE LAWRENCE A SCHWARTZ

I CERTIFY that a copy of this order has been furnished to the Movant, **PHILLIP BUTLER**

by mail this __22nd__ day of ____MARCH____, 20_02_.

Deputy Clerk

YO 3-21-02          WHITE - FILE COPY     YELLOW - MOVANT

CLK/CT 124 REV. 2/01

# EXHIBIT K

IN THE CIRCUIT COURT OF THE
ELEVENTH  JUDICIAL  CIRCUIT  OF
FLORIDA, IN AND FOR DADE COUNTY

CASE NO. 98-18181

STATE OF FLORIDA,

    Plaintiff,

vs.

                                ORDER DENYING DEFENDANT'S
                                MOTION FOR POSTCONVICTION RELIEF

PHILLIP BUTLER,

    Defendant.

_____/

       THIS CAUSE having come before this Court on the Defendant's Motion For Postconviction

Relief, and this Court having heard argument of counsel for the State and having reviewed the

motion and response thereto, and being otherwise fully advised in the premises, hereby states as

follows:

       Defendant was charged by Information with burglary with assault or battery (Count I), four

counts of kidnapping with a weapon (Counts II - V), and four counts of attempted armed robbery

(Counts VI - IX). Defendant was tried by a jury and convicted of the charged offenses. On August

4, 1999, Defendant was sentenced to life imprisonment.  Defendant's judgment and sentence were

affirmed on direct appeal.  Butler v. State, 774 So.2d 699 (Fla. 3rd DCA 2000).    On or about

October 19, 2001, Defendant filed the subject motion for post conviction relief, through counsel,

in which he alleged ineffective assistance of trial counsel for failure to investigate defense witnesses

who would have offered exculpatory evidence and failure to strike the venire during jury selection.

       As to the first claim, Defense counsel is not ineffective for failing to call witnesses where

there was ample evidence contradicting the proffered testimony of  the witnesses.   Absent

extraordinary circumstances, failure of counsel to call a witness is not a ground for collateral attack. Cooley v. State, 642 So.2d 108 (Fla. 3rd DCA 1994); Gonzalez v. State, 744 So.2d 1102 (Fla. 3rd DCA 1999); Jacobs v. State, 26 Fla. Law Weekly D2702 (Fla. 3rd DCA Nov. 14, 2001). In the present case, there were three identifications of the Defendant. These were made by the children who lived in the house: sixteen year old Cindy Fonesca, twenty year old Manuela Fonesca and their fourteen year old brother, N.R. (T. 229 - 246, 270 - 271, 327, 337 - 340, 351 - 360, 390 - 400). (Ex. C). According to Cindy, the Defendant entered the house in a hooded mask that resembled a mask worn in the horror movie "Scream". She described the person as a black male wearing a dark colored short sleeve shirt, dark baggy pant, black sneakers and a pair of latex gloves. The Defendant ordered the siblings, plus another child who was visiting the home, to the master bedroom. He then ordered Manuela to tie up the her brother and their visitor with duct tape and then told Cindy to bind her sister with the tape. While Cindy was doing so saw the Defendant remove his mask, enabling Cindy to identify Defendant by his face as well as his clothes. The others made their identification based on Defendant's clothing, which they described with accurate details.

In addition to the three identifications made by the victims, Defendant gave an oral confession to Detective Deegan. (T. 515 - 544). Lastly, a latex glove which matched one found near the scene was found in the back of the police car after Defendant got out of the car. In light of the abundance of evidence contradicting the proffered testimony, the failure to call the alleged alibi witnesses constituted a sound tactical decision and not ineffective assistance of counsel. Jacobs; Strickland.

As to the second claim, Defendant argues that trial counsel was ineffective for failing to strike the jury venire when prospective juror Ahmadi stated that she was robbed while with her five year old son and that the Defendant looked like the assailant, who was never apprehended. The

Defendant's argument is without merit. The subject statement was not of such magnitude which would result in the venire being tainted. When taken out of context, it seems as if Ahmadi inferred that she thought the Defendant could be the same person who robbed her. But when the voir dire is read in context it is clear that the prosecutor established that the Defendant was *not* the person who robbed Ahamdi, but looked like him. However, in an abundance of caution, the prosecutor choose to address the issue further and went on to stress the fact that he has the burden to prove that Defendant is guilty and that it is improper to be predisposed to convict Defendant because of the way he looks. In conclusion, he assured Ms. Ahmadi that it was okay if she acknowledged that she could not put aside what happened and give Defendant a fair trial, but that she would have to let them know if that was the case. (T. 46 - 48).

Defense counsel San Pedro then followed up on this issue and directly asked all those who were victims of crimes if they could put they feelings about that aside when dealing with the case. (T. 96 - 97). Prospective juror Ahmadi did not respond to this direct question. Apparently she no longer had a problem. Nevertheless, it was understandable that she was ultimately stricken for cause. However, her comments were not of an inflammatory nature that would have formed a sufficient basis to strike the entire venire. Bauta v. State, 698 So.2d 860 (Fla. 3rd DCA 1997); Brower v. State, 727 So.2d 1026 (Fla. 4th DCA 199). Although they were not directly asked if Ahmadi's statement affected their ability to serve as jurors, the direct questions and related statements by both the prosecutor and defense counsel sufficiently showed that it was not necessary to discharge the entire jury panel. Bauta. As there was no error, counsel was not ineffective. Strickland.

It is hereby ORDERED AND ADJUDGED that Defendant's Motion For Postconviction Relief is hereby denied.

IT IS FURTHER ORDERED that the Clerk of this Court attach the record excerpts to the Order and shall serve upon the Defendant a copy of this Order which shall serve to notify Defendant of his right to file a Motion For Rehearing within fifteen (15) days of the date of service of this Order and of his right to appeal if filed within thirty (30) days of the rendition of this Order.

DONE AND ORDERED this ____ day of May, 2002.

_____
CIRCUIT COURT JUDGE

# EXHIBIT L

# IN THE DISTRICT COURT OF APPEAL OF FLORIDA
## THIRD DISTRICT

CASE NO. 3D02-1657  *Loi-1-9464*

## PHILLIP BUTLER,

Appellant,

vs.

## THE STATE OF FLORIDA,

Appellee.



---

APPEAL FROM THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR DADE COUNTY

---

### INITIAL BRIEF OF APPELLANT

RECEIVED

JUL – 8 2002

ATTORNEY GENERAL
MIAMI OFFICE

JOSEPH G. TESMOND
Counsel for Appellant
FL Bar No. 608254
150 Alhambra Circle, Suite 1270
Coral Gables, Florida 33134
Telephone: (305) 442-0000

*Premier brief due 7/30/02*

# TABLE OF CONTENTS

**Page**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE AND FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

I.   **WHERE THE TIME-PERIOD FOR THE FILLING OF A
     MOTION FOR REHEARING HAS EXPIRED, THE TRIAL
     COURT WAS WITHOUT JURISDICTION TO CORRECT OR
     MODIFY ITS ORIGINAL ORDER OF DENIAL.** . . . . . . . . . . . . . . . 4


II.  **WHERE THE TRIAL COURT'S SUMMARY DENIAL OF
     THE DEFENDANT'S MOTION FOR POSTCONVICTION
     RELIEF WAS UNSUPPORTED BY RECORD ATTACHMENTS
     CONCLUSIVELY REFUTING THE DEFENDANT'S GROUNDS
     FOR RELIEF, THE CASE MUST BE REMANDED FOR AN
     EVIDENTIARY HEARING.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATION OF FONT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Agency for Health Care Admin. v. Estate of Kevin Johnson,*
743 So. 2d 83 (Fla. 3d DCA 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Baber v. State,*
776 So. 2d 309 (Fla. 4th DCA 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coleman v. State,*
809 So. 2d 63 (Fla. 5th DCA 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Crumbley v. State,*
661 So. 2d 383 (Fla. 1st DCA 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jackson v. State,*
711 So.2d 1371 (Fla. 4th DCA 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jacobs v. State,*
800 So. 2d 322 (Fla. 3d DCA 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kippy Corporation v. Colburn,*
177 So. 2d 193 (Fla. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Occhione v. State,*
768 So. 2d 1037 (Fla. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Penalba v. Penalba,*
616 So. 2d 165 (Fla. 3d DCA 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Robinson v. State,*
659 So. 2d 444 (Fla. 2d DCA 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Shelby Mutual Insurance Company v. Pearson,*
236 So. 2d 1 (Fla. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Strickland v. Washington,*
466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wilkins v. State,*
685 So. 2d 957 (Fla. 4th DCA 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE DISTRICT COURT OF APPEAL OF FLORIDA
THIRD DISTRICT

CASE NO.  3D02-1657

**PHILLIP BUTLER,**

Appellant,

vs.

**THE STATE OF FLORIDA,**

Appellee.

---

APPEAL FROM THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR DADE COUNTY

---

**INTRODUCTION**

In this brief, the parties are referred to as they stood in the lower court, by proper name, or as "appellant" and "appellee" where appropriate. The symbol "A." shall refer to portions of appendix and the symbol "T." designates the transcripts of the lower court proceedings.

-1-

## STATEMENT OF THE CASE AND FACTS

This is an appeal from the summary denial, without an evidentiary hearing, of the defendant's motion for postconviction relief based on the ineffective assistance of trial counsel.

Mr. Butler was convicted after a jury trial of burglary with an assault or battery (Count I), kidnapping with a weapon (Counts II-V), and attempted armed robbery (Counts VI-IX). This Court affirmed his conviction and sentence on December 6, 2000 (Appellate Case No. 3D99-2304).

The defendant filed a timely motion for postconviction relief pursuant to Rule 3.850, Fla. R. Crim. P. (2001), alleging two bases for a new trial. First, Mr. Butler asserted that his trial counsel had been ineffective because he failed to investigate two defense witnesses who could have given exculpatory testimony. In his motion, the defendant listed the names of the two witnesses and the substance of the potential testimony (A. 23-25).

Second, the defendant maintained that his trial attorney failed to move to strike the venire after a prospective juror stated that Mr. Butler resembled the person who had robbed him and her five year old child at gunpoint (A. 25-26).

On March 22, 2002, the trial court rendered an order denying the motion without an evidentiary hearing and failed to attach any portions of the record in

-2-

support of the denial (A. 36). The defendant filed a timely notice of appeal on April 19, 2002. On May 14, 2002, in the absence of a motion for rehearing, the trial court *sua sponte* entered a subsequent order of denial correcting and modifying its order of March 22 (A. 38-41)

## SUMMARY OF THE ARGUMENT

I.      The trial court's subsequent judgment of denial, entered after the expiration of the 15 day time-period for the filing of a motion for rehearing, as provided by Rule 3.850(g), Fla. R. Crim. P. (2002), was a nullity because the court lacked jurisdiction to modify or correct its original order.

II.      Where a motion for postconviction relief asserts facially valid bases for relief the trial court must either conduct an evidentiary hearing, or attach portions of the record to its summary denial which effectively disproves each of the claims. In the instant case, the defendant's motion raised two valid grounds for postconviction relief and the lower court's summary denial of the motion did not contain any record attachments undermining either of the defendant's claims. Consequently, this case must be remanded to the trial court for an evidentiary hearing on the merits.

# ARGUMENT

## I.

## WHERE THE TIME-PERIOD FOR THE FILLING OF A MOTION FOR REHEARING HAS EXPIRED, THE TRIAL COURT WAS WITHOUT JURISDICTION TO CORRECT OR MODIFY ITS ORIGINAL ORDER OF DENIAL.

Rule 3.850(g), Fla. R. Crim. P. (2002), states as follows:

The movant may file a motion for rehearing of any order denying a motion under this rule within 15 days of the date of service of the order. The clerk of the court shall promptly serve on the movant a copy of any order denying a motion for postconviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.

In this case, the lower court's order summarily denying the defendant's motion for postconviction relief was entered and rendered on March 22, 2002. The certificate of service indicates that a copy of the order was "furnished to the movant" on the same date. The defendant filed a timely notice of appeal on April 19, 2002, from the court's final judgment of denial. The defendant did not file a motion for rehearing or reconsideration. Almost seven weeks after the original order was filed with the clerk and served on the defendant, the trial court *sua sponte* submitted another judgment of denial on May 14, 2002. The subsequent order was a nullity since the trial court lost jurisdiction to correct or modify the substance of its final order upon the expiration of the fifteen day time-period for the filing of a motion for

-4-

rehearing.

This Court has held that a trial court lacks jurisdiction to *sua sponte* vacate a final judgment after the period for the filing a motion for rehearing has elapsed. *See Penalba v. Penalba,* 616 So. 2d 165 (Fla. 3d DCA 1993). This Court spelled out this principle in *Agency for Health Care Admin. v. Estate of Kevin Johnson,* 743 So. 2d 83, 86 (Fla. 3d DCA 1999), which asserted that "[a] trial court has no authority to modify or vacate a final order except in the manner and within the time frame provided by rule or statute."

The Florida Supreme Court has similarly determined that "unless a proper motion or petition is filed within the allotted time, the judgment or order of the trial court becomes absolute." *Shelby Mutual Insurance Company v. Pearson,* 236 So. 2d 1, 3 (Fla. 1970). The Court rejected the argument that a trial court has jurisdiction to correct its own judgments any time prior to the expiration of the thirty (30) day time-period for appeal. *Id.* In *Kippy Corporation v. Colburn,* 177 So. 2d 193, 196-97 (Fla. 1965), the Court held that "[u]nless a proper motion or petition is filed within the allotted time the order becomes absolute and except as provided by the rules, notably Rule 1.38 and Rule 2.8, F.R.C.P., the trial court has no authority to *alter, modify or vacate the substance of the order.*" (Emphasis added).

Since the May 14, 2002, order was a nullity, review in this case must be based

-5-

solely on the final judgment which was rendered on March 22, 2002.

## II.

### WHERE THE TRIAL COURT'S SUMMARY DENIAL OF THE DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF WAS UNSUPPORTED BY RECORD ATTACHMENTS CONCLUSIVELY REFUTING THE DEFENDANT'S GROUNDS FOR RELIEF, THE CASE MUST BE REMANDED FOR AN EVIDENTIARY HEARING.

"To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or the record must conclusively refute them." *Occhione v. State,* 768 So. 2d 1037, 1041 (Fla. 2000); *Coleman v. State,* 809 So. 2d 63 (Fla. 5th DCA 2002) (when postconviction motion is summarily denied, allegations must be accepted as true unless conclusively refuted by attachments).

In the case at bar, the trial court denied the defendant's motion for postconviction relief without an evidentiary hearing. The court's order, however, contained no attachments refuting the defendant's claims. Since the defendant's claims are facially valid and must be accepted as true, the trial court's unsupported denial must be reversed.

This Court has held that where ineffectiveness is claimed on the basis of trial

-6-

counsel's failure to investigate defense witnesses, "a facially sufficient motion must include the identity of the alleged witness, the content of the witness' expected testimony, and an explanation as to how the omission of this evidence prejudiced the outcome of the trial." *Jacobs v. State,* 800 So. 2d 322, 323 (Fla. 3d DCA 2001). The defendant's motion met these criteria. The motion stated in pertinent part as follows:

> Mr. Butler was accused of a home-invasion robbery which was perpetrated by a masked gunman on the morning of May 13, 1998. He was arrested a short distance from the residence in the Cutler Ridge area. The Petitioner furnished his attorney the names of two individuals, Darrel Jackson, who lived in Ft. Lauderdale, and Chris Johnson, from Hollywood, who would have confirmed that on Friday evening, May 12, 1998, they drove Mr. Butler to a party in Cutler Ridge and later left without him. The following morning, the Petitioner was walking through the neighborhood on his way to a main highway in order to get a ride when the police arrested him. Defense counsel never interviewed the witnesses and failed to call them at trial, despite the fact that they could have explained Mr. Butler's presence in the area. Their testimony, therefore, would have corroborated the Petitioner's theory of defense, viz., that his presence in the area was innocent and that one of the victim's misidentified him.

(A. 23).

It is not required that the defendant establish that the witnesses completely exonerate him, merely that the evidence "prejudiced the outcome of the trial." In this case, the prospective defense witnesses could have explained why Mr. Butler was in Cutler Ridge and that he did not have a gun, or hooded mask in his possession when they dropped him off.

The second ground asserted in the motion for postconviction relief was that a prospective juror who had been robbed at gunpoint indicated that the defendant looked like the assailant, who had never been apprehended. Trial counsel failed to make a motion to strike the venire after the panel was tainted by the juror's remark.

The failure to preserve a meritorious issue for appellate review is a sufficient basis for a claim of ineffective assistance of counsel. *See e.g., Jackson v. State,* 711 So.2d 1371, 1372 (Fla. 4th DCA 1998) (counsel's failure to object to prosecutor's improper argument was sufficient to constitute ineffective assistance of counsel pursuant to a rule 3.850 motion). An appellate counsel's failure to raise the state's improper exercise of a peremptory challenge on appeal constitutes ineffective assistance of appellate counsel. *See Baber v. State,* 776 So. 2d 309 (Fla. 4th DCA 2000). Similarly, the failure of trial counsel to preserve a jury issue for appeal is also a sufficient basis for a claim of ineffectiveness. *See Wilkins v. State,* 685 So. 2d 957 (Fla. 4th DCA 1996) (although the court affirmed the trial court's denial of the defendant's 3.850 motion, it did so only because there were non-pretextual race-neutral facts in the record which supported the state's use of a peremptory strike against an African-American juror); *Crumbley v. State,* 661 So. 2d 383 (Fla. 1st DCA 1995) (where defense counsel failed to object to the reasons given by the state during a *Neil* inquiry, trial court's summary denial of petition was insufficient).

-8-

In *Robinson v. State,* 659 So. 2d 444 (Fla. 2d DCA 1995), the defendant asserted that trial counsel was ineffective for his failure to object when a juror allegedly tainted the panel with racially biased comments. The appellate court held that the defendant had presented a facially valid claim and was entitled to an evidentiary hearing.

In the present case, the juror's comments were far more egregious than those in *Robinson*, since the juror implied that the defendant had perpetrated a prior armed robbery. Thus the lower court should have conducted an evidentiary hearing to determine the reasons why trial counsel did not move to have the venire stricken and determine whether said deficiency of representation met the *Strickland* criteria. *See Strickland v. Washington,* 466 U.S. 668 (1984).

Since both of the defendant's postconviction claims were facially valid and unrefuted by the record, this cause must be remanded to the trial court for a full evidentiary hearing on the merits of the defendant's claims.

## CONCLUSION

Based on the foregoing argument and authorities cited, the summary denial of the Appellant's motion for postconviction relief must be reversed and the case remanded to the trial court for an evidentiary hearing on the issues raised.

Respectfully submitted,

JOSEPH G. TESMOND
Counsel for Appellant
FL Bar No. 608254
150 Alhambra Circle, Suite 1270
Coral Gables, Florida 33134
Telephone: (305) 442-0000

## CERTIFICATION OF FONT

Undersigned counsel certifies that the font used in this brief is 14 point proportionately spaced Times Roman.

-10-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded by U.S. mail to the the Office of the Attorney General, Department of Legal Affairs, 401 N.W. 2nd Avenue, Suite N921, Miami, Florida, this _____ day of July, 2002

JOSEPH G. TESMOND
Counsel for Appellant

-11-

# EXHIBIT M

IN THE DISTRICT COURT OF APPEAL
OF FLORIDA         THIRD DISTRICT

DCA CASE NO.   02-1657
LOWER CASE NO.  98-18181

PHILLIP BUTLER,

    Appellant,

vs.                  **RESPONSE TO MOTION FOR POST**
                  **CONVICTION RELIEF UNDER RULE**
                  **3.850 FLA.R.CRIM.P.**

THE STATE OF FLORIDA,

    Appellee.

_____/

    Appellee, the STATE OF FLORIDA, by and through undersigned counsel, hereby responds to the Appellant's Motion for Post Conviction Relief under Florida Rule of Criminal Procedure 3.850, and urges this Court to affirm the Circuit Court's order of May 14, 2002, denying Appellant's Motion For New Trial, and in support thereof states the following:

<u>PRELIMINARY STATEMENT</u>

    Appellant, Phillip Butler, hereinafter "Defendant," is currently under the lawful custody of the State of Florida pursuant to a valid judgment of guilt for one count of burglary with assault on a human being in an occupied structure/dwelling with a firearm, four counts of kidnapping with a firearm, and four counts of attempted armed robbery with a firearm. All references to the attached Appendix will be designated by

"Exhibit" followed by the appropriate letter and a semicolon to indicate the appropriate page number, if necessary.

## PROCEDURAL HISTORY

On June 19, 1998, in lower case number 98-18181 Defendant was charged by Information with one count of burglary with assault or battery therein while armed in violation of sections 810.02(2)(a) and 775.087, Count I; four counts of kidnapping with a weapon in violation of sections 787.01 and 775.087, Counts II, III, IV and V; and four counts of attempted armed robbery in violation of sections 812.13(2)(a,b) and 777.04, Counts VI, VII, VIII and IX.  The date of the offenses was May 30, 1998.  (Ex. A).

After a trial by jury, on May 7, 1999, Defendant was found guilty of all counts, as charged.  (Ex. B).  The trial court adjudicated Defendant guilty in accordance with the jury's verdicts.  (Ex. C).

On August 16, 1999, Defendant was sentenced as follows: Counts I through V - to a term or natural life; Counts VI through IX - to fifteen (15) years state prison.  Three (3) years minimum mandatory for the use of a firearm was imposed on all counts, and all sentences were to run concurrent.  (Ex. D).

Defendant timely appealed, alleging as error the following:

2

I.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO SUPPRESS THE IN-COURT IDENTIFICATION OF THE APPELLANT WHEN SAID IDENTIFICATION WAS IRREPARABLY TAINTED BY AN UNDULY SUGGESTIVE SHOW-UP.

II.  THE STATE'S IMPROPER ATTACK ON DEFENSE COUNSEL AND GOLDEN RULE ARGUMENT CONSTITUTED FUNDAMENTAL ERROR.

(Ex. E).  The State filed an answer brief.  (Ex. F).

On December 6, 2000, this Honorable Court *per curiam* affirmed without opinion Defendant's conviction and sentence. (Ex. G).  The mandate issued on December 22, 2000.  (Ex. G).

On October 19, 2001, Defendant, through counsel and pursuant to Rule 3.850, filed a motion for postconviction relief/motion for new trial, claiming as error:

GROUND ONE
PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 16 OF THE FLORIDA CONSTITUTION BECAUSE DEFENSE COUNSEL FAILED TO INVESTIGATE DEFENSE WITNESSES WHO WOULD HAVE OFFERED EXCULPATORY EVIDENCE.

GROUND TWO
PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 16 OF THE FLORIDA CONSTITUTION BECAUSE DEFENSE COUNSEL FAILED TO MOVE TO STRIKE THE VENIRE DURING JURY SELECTION.

(Ex. H).  The State filed a response with attachments.  (Ex. I).

3

On March 22, 2002, the trial court summarily denied without an evidentiary hearing Defendant's motion for postconviction relief, and Defendant timely appealed. (Ex. J). On May 14, 2002, the trial court filed an amended order in which it explained its reasons for denying relief. (Ex. K).

Defendant appeals, claiming as error:

> I. WHERE THE TIME-PERIOD FOR THE FILING OF A MOTION FOR REHEARING HAS EXPIRED, THE TRIAL COURT IS WITHOUT JURISDICTION TO CORRECT OR MODIFY ITS ORIGINAL ORDER OF DENIAL.
>
> II. WHERE THE TRIAL COURT'S SUMMARY DENIAL OF THE DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF WAS UNSUPPORTED BY RECORD ATTACHMENTS CONCLUSIVELY REFUTING THE DEFENDANT'S GROUNDS FOR RELIEF, THE CASE MUST BE REMANDED FOR AN EVIDENTIARY HEARING.

## ARGUMENT

I. Defendant contends the trial court's subsequent order of denial is a nullity because the court lacked jurisdiction to modify or correct its original order. Defendant is mistaken in that the trial court did not vacate its order denying relief. Technically, the trial court did not alter or modify its ruling either, it merely explained its reasons for denying relief, and the wording in those reasons was identical to the wording in the State's response. (Compare Exs. I and K).

4

In <u>Casseus v. State</u>, 509 So. 2d 965 (Fla. 3d DCA 1987) (citations omitted), this Honorable Court held the trial court was without jurisdiction to enter a second order denying relief. The State had filed a petition for writ of certiorari in the Florida Supreme Court from the district court's decision, and the district court had granted the State's motion to stay issuance of the mandate. When the trial court entered a second order denying postconviction relief, this Court held the trial court acted improperly in ignoring the stay and entering the second order. Here, however, this Court has not yet ruled on the appeal, nor has a stay been entered.

While an appeal is pending from an order denying a motion for postconviction relief, the trial court does not have jurisdiction to enter an order denying a second motion to vacate the judgment and sentence. <u>Gobie v. State</u>, 188 So. 2d 34 (Fla. 3d DCA 1966); <u>Wells v. State</u>, 362 So. 2d 441 (Fla. 4th DCA 1978). The important difference in <u>Gobie</u> and <u>Wells</u> was that the defendant in those cases had filed a second motion for postconviction relief while the appeal of the denial of the first motion was still pending in the district court. Even though the second motions were based upon different grounds than those stated in the original motion, the appellate courts held the trial court's second order was a nullity and dismissed the subsequent appeals. Here, there was no second motion for

5

postconviction relief; the second order merely explained the reasons why the motion was denied.

See State, ex rel, Schwartz v. Lantz, 440 So. 2d 446 (Fla. 3d DCA 1983), holding when a district court issues a stay order a circuit judge violates that order when the judge amends a prior order.   There was no stay order here, and the trial court's second order did not really amend the second order; it just explained it.  See also Bush v. State, 369 So. 2d 674 (Fla. 3d DCA 1979) (Generally, during the pendency of an appeal, the trial court retains jurisdiction to enforce the terms of an unsuperseded judgment.).

Appellee submits since the trial court merely explained but did not vacate, alter or amend its previous order, the order is valid.   Nevertheless, should this Honorable Court believe the trial court did not have jurisdiction to enter the subsequent order, the trial court's original order properly denied relief without an evidentiary hearing.


II.   While the trial court's order did not have record attachments, the appendix attached to the State's response was technically attached to the court's order as the circuit court clerk included the State's response and appendix in the documents that were forwarded to this Honorable Court.

Defendant was accused of a masked home-invasion robbery in the Cutler Ridge area and was arrested a short distance from the residence.  Defendant says he furnished his attorney the names of two individuals, Darrel Jackson and Chris Johnson who would have confirmed they drove him to a party in Cutler Ridge and later left without him.  Defendant states the following morning he was walking in the neighborhood when the police arrested him. Defendant says despite the fact the two witnesses could have explained his presence in the area, defense counsel never interviewed the witnesses.

On March 21, 2002, the trial court heard argument on the motion for postconviction relief.  (See Defendant's App. C). Defense counsel stated if called to testify, the witnesses would have said they were at a party in the area.  (C:5).  The trial court commented while that may be true, the witnesses were not in a position to testify:  1) Defendant was not the person who grabbed one of the victims outside of her house as she was trying to get into her car in broad daylight to go to work. (C:5-6).  2) Defendant was not the person who forced her back into her house, and held three or four other victims at gunpoint in the house while he duct taped them.  (C:6).  3) Defendant was not the person who was observed by one of the victims in the house when he lifted the mask he was wearing to look out of the window when the police cars drove up because one of the four

people managed to call 911 after Defendant entered the house but before he got them all together in the room. (C:6). 4) One of the latex gloves the victims said Defendant was wearing was found in his jump suit pocket when he was taken into custody. (C:6). 5) Defendant was not the person wearing the mask and the other glove that was found in the backyard of the residence when he fled through the back door. (C:6). 7) Nor would Defendant's witnesses have been able to testify about the confession Defendant gave to the police. (C:7).

Defense counsel agreed Jackson and Johnson were not eyewitnesses. (C:7). The trial court continued, saying he had seen the demeanor of the witnesses and seen all the other physical characteristics the jury observed and took into consideration during deliberation to find Defendant guilty. (C:7). The court noted the evidence was overwhelming against Defendant and the case law said counsel is not ineffective for not calling witnesses when the evidence is so overpowering. (C:7-8).

Defendant's second argument of ineffective assistance of counsel was that a prospective juror by the name of Ms. Ahmadi was questioned by the prosecutor regarding the fact she and her child had been the victims of an armed robbery, and the assailant had never been caught. (C:9). The prosecutor asked Ms. Ahmadi if Defendant was the individual that robbed her. Ms.

Ahnadi said no, but that Defendant looked like the individual. (C:9). Defense counsel argued trial counsel should have objected and moved to strike the panel, and if that wasn't granted he should have asked that the jurors be individually voir dired as to whether or not it was going to bother them the perpetrator of that crime might look like Defendant.   (C:9). Defense counsel argued the jurors could have been thinking maybe Defendant was the person who robbed the prospective juror, but since they were never asked maybe the panel should have been stricken.   (C:10).

The trial court denied the motion for postconviction relief.   (C:11).   Ms. Ahmadi was stricken for cause.   (Ex. L). In light of the overwhelming evidence of guilt, including Defendant's confession, it is not believable Ms. Ahmadi's comment caused the jury to find Defendant guilty.

Trial counsel was not ineffective for not calling witness who could not have testified they were with Defendant the entire night and did not know of his whereabouts during the time of the home-invasion robbery.   Nor was trial counsel ineffective for not objecting and moving to strike the panel where the prospective juror's comment did not taint the jury.   Strickland v. Washington, 466 U.S. 668 (1984).

Moreover, in light of the fact it was the trial judge who conducted the proceedings in the motion for postconviction

9

relief, and remembered the witnesses demeanor and their testimony, the trial court did not err in not holding an evidentiary hearing.

## CONCLUSION

In light of the foregoing argument and citations of authority, the trial court's order denying postconviction relief should be affirmed.

Respectfully submitted,

**ROBERT A. BUTTERWORTH**
Attorney General

**BARBARA A. ZAPPI**
Assistant Attorney General
Florida Bar No. 0782602
Office of the Attorney General
Criminal   Appellate   Division
110 S.E. 6th Street, 9th Floor
Ft. Lauderdale, Florida  33301
Phone (954) 712-4600
Fax (954) 712-4761

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing **RESPONSE** was furnished by mail to Joseph G. Tesmond, Esquire, 150 Alhambra Circle, Suite 1270, Coral Gables, Florida 33134 on this __19th__ day of August 2002.

**BARBARA A. ZAPPI**
Assistant Attorney General

11

## CERTIFICATE OF FONT AND TYPE SIZE

Counsel for Appellee hereby certifies this brief is formatted to print in Courier New 12-point font and complies with the requirements of Florida Rule of Appellate Procedure 9.210(a)(2).

**BARBARA A. ZAPPI**
Assistant Attorney General

12

# EXHIBIT N



# M A N D A T E

## DISTRICT COURT OF APPEAL OF FLORIDA

### THIRD DISTRICT

DCA # 3D02-1657

PHILLIP BUTLER,

vs.

THE STATE OF FLORIDA,

RECEIVED

FEB 1 7 2003

Office of the Attorney General
Ft. Lauderdale/Criminal Appeals

      This cause having been brought to this Court by appeal, and after due consideration the Court having issued its opinion;

      YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause in accordance with the opinion of this Court attached hereto and incorporated as part of this order, and with the rules of procedure and laws of the State of Florida.

Case No. 98-18181

WITNESS, The Honorable ALAN R. SCHWARTZ, Chief Judge of said

      District Court and seal of said Court at Miami, this day February 14, 2003.

CC W/O OPINION:  Joseph G. Tesmond; Barbara A. Zappi
la