UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-21979-Civ-UNGARO-BENAGES
MAGISTRATE JUDGE P.A. WHITE

PHILLIP BUTLER,                :

    Petitioner,            :

v.                             :     REPORT RE DISMISSAL
                                     §2254 PETITION
JAMES V. CROSBY, JR.,          :     AS TIME BARRED

    Respondent.            :
_____

Phillip Butler, a state prisoner currently confined at Everglades Correctional Institution at Miami, Florida[1] has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions entered in Case No. F98-18181 in the Circuit Court of the Eleventh Judicial Circuit at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the respondent's response to an order to show cause with multiple exhibits.

The procedural history of this case is as follows. On June 19, 1998, Butler was charged by information with one count of assault or battery while armed (Count 1), four counts of armed kidnapping

---

[1] Information available at http://www.dc.state.fl.us/ indicates that Butler is no longer confined at Liberty CI, his last address of record, but is presently confined at Everglades CI.

(Counts 2-5), and four counts of attempted armed robbery (Counts 6-9). (DE# 7; Ex. A). After jury trial, Butler was found guilty and adjudicated guilty of all crimes charged in the information. (DE# 7; Ex. B, C). On August 6, 1999, Butler was sentenced to concurrent terms of life imprisonment as to Counts 1 through 5, and concurrent terms of incarceration of fifteen years as to Counts 6 through 9. (DE# 7; Ex. D). Butler prosecuted a direct appeal from his convictions, raising the following two claims: (1) the trial court committed reversible error in failing to suppress the in-court identification of Butler when the identification was irreparably tainted by an unduly suggestive show-up; and (2) the state's improper attack on defense counsel and golden rule argument constituted fundamental error. (DE# 7; Ex. E). On December 6, 2000, the Florida Third District Court of Appeal per curiam affirmed the convictions without written opinion. Butler v. State, 774 So.2d 699 (Fla. 3 DCA 2000)(table). The mandate issued on December 22, 2000. (DE# 7; Ex. G).

Approximately ten months later, on October 19, 2001, Butler filed, through counsel, a motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850, alleging that his convictions were unlawful because he had received ineffective assistance of trial counsel for two specified reasons.[2] (DE# 7; Ex. H). After the state filed its response with supporting documentary exhibits, on May 9, 2002, the trial court denied the Rule 3.850 motion in a thorough written order addressing the two claims presented and finding them meritless. (DE# 7; Ex. I, K). On September 11, 2002, the appellate

---

[2] Specifically, Butler alleged that his counsel rendered ineffective assistance because he (1) failed to investigate defense witnesses who would have offered exculpatory evidence; and (2) failed to move to strike the venire during jury selection where a prospective juror indicated that she had been the victim of an armed robbery when she was with her five-year-old son. (Defendant's Postconviction Motion Pursuant to Rule 3.850 for New Trial and Request for Evidentiary Hearing)(DE# 7; Ex. H).

2

court per curiam affirmed without written opinion the trial court's order of denial; Butler v. State, 837 So.2d 984 (Fla. 3 DCA 2002)(table), and the mandate issued on February 14, 2003. (DE# 7; Ex. N). Approximately five months later, Butler came to this Court, filing the instant federal habeas corpus petition on July 17, 2003,[3] alleging that he received ineffective assistance of trial counsel for the identical two reasons presented in his state postconviction motion.

The respondent concedes in his response to the order to show cause that the claims of this petition had been properly exhausted before the state courts.[4] The respondent asserts, however, that this petition should be dismissed as untimely filed and, therefore, the claims presented should not be considered on the merits. Pursuant to 28 U.S.C. §2244, as amended on April 24, 1996, a one year period of limitations applies to a petition under §2254. The one year period runs from the latest of

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to filing an application created by State action in violation of the Constitution

---

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 7)(DE# 1).

[4] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

>    or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[5] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002). See also Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999); Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

---

[5] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

The judgment of conviction and sentence in the underlying criminal case became final at the latest on March 6, 2001, ninety days after the issuance of the opinion affirming Butler's convictions on direct appeal. Bond v. Moore, 309 F.3d 770, 773-74 (11 Cir. 2002)(holding that when a petitioner is entitled to file a petition for a writ of certiorari in the United States Supreme Court, the statute of limitations under 28 U.S.C. §2244(d) does not begin to run until this 90-day window has expired). See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986)(holding that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied); Supreme Court Rule 13.1 (providing that a petition for writ of certiorari must be filed within 90 days of the date of the entry of the judgment by a state court of last resort).

Since this federal petition for writ of habeas corpus challenging the subject convictions was not filed until July 17, 2003, well-beyond one year after the date on which the convictions became final on March 6, 2001, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Butler did pursue state postconviction relief. After giving Butler all the tolling time for which he is entitled (i.e., 483 days while his Rule 3.850 proceeding was pending in the state courts), Butler's petition was due in this Court on July 2, 2003. Butler, however, filed his federal petition for writ of habeas corpus on July 2, 2003, 15 days past the limitations period.

Because Butler did not file his federal petition by July 2, 2003, the respondent correctly contends that the instant petition

5

for writ of habeas corpus is untimely and should be barred by the one year statute of limitations. Generally, this Court enters an order to the petitioner, requiring him to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus. The order advises the petitioner that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition as time barred. The petitioner in this case was not so notified, however, because at the time he filed his federal petition he specifically addressed in his petition the issue regarding the limitations period and set forth specific reasons why he believed the petition should not be time barred. (Petition at 5A-5B)(DE# 1). The order was, therefore, not necessary in this case.

In his petition, Butler asserts that his petition is not time-barred because his Rule 3.850 motion should be deemed filed as of October 1, 2001, the date that he executed his postconviction motion, and not October 19, 2001, the earliest date that counsel filed the motion. See Defendant's Postconviction Motion Pursuant to Rule 3.850 for New Trial and Request for Evidentiary Hearing. Butler is essentially contending that he is entitled to the benefit of the mailbox rule with regard to the filing of his Rule 3.850 motion. He is mistaken.

Like the federal courts with regard to the filing of a prisoner's pro se federal habeas corpus petition; see Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing), the Florida courts also recognize the "mailbox" rule in that a prisoner's postconviction pleadings are deemed filed at the time in which they are notarized. Haag v. State, 591 So.2d (Fla.

6

1992); Haines v. State, 641 So.2d 464 (Fla. 4 DCA 1994). The mailbox rule is based upon the unique situation of a prisoner who is entirely without the ability to control what happens with respect to delivery of the pleading after he gives it to the warden. He cannot personally deliver it to the clerk, or mail it and then monitor its progress and implement a backup plan if it is delayed, or verify that it arrived at the clerk's office within the prescribed time even though it may not have been stamped until later, or send it by some form of private express. See Houston v. Lack, 487 U.S. 266, 270-271 (1988). The mailbox rule was judicially created for the benefit of a very narrow class of persons who have "no recourse other than to entrust [their] court filings to prison authorities over whom [they have] no control." Garvey v. Vaughn, 993 F.2d 776, 780 (11 Cir.1993). Thus, the mailbox rule was not created for the benefit of prisoners who are represented by counsel. Turner v. Singletary, 46 F.Supp.2d 1238, 1242 (N.D.Fla. 1999)(holding that where a prisoner, is not acting pro se, but is represented by counsel, who had the ability to do all the things the Supreme Court suggested that prisoners could not do). Accordingly, the mailbox rule is inapplicable to Butler in that he was represented by counsel in the state postconviction proceedings.

Butler has presented no valid justification whatever for his failure to timely file his federal habeas corpus petition attacking the subject convictions.[6]  Further, this case presents no grounds

---

[6] If Butler were to argue that the fact that his Rule 3.850 motion was timely under Florida's two-year limitations period has some bearing on this case, any such an argument would be unavailing. The two-year state limit does not extend the AEDPA's one-year limitations period. Bingham v. Anderson, 21 F.Supp.2d 639, 640-41 (S.D.Miss. 1998)(holding that Mississippi three year statute of limitations to file motions for post conviction relief did not have the effect of amending the AEDPA so that one desiring to seek federal habeas corpus review can do so if he files a motion for post conviction relief before a Mississippi court within three years and then files in federal court within one year thereafter plus a period of time equal to the time for which the motion for post conviction relief was pending).

7

for the application of the doctrine of equitable tolling which, as mentioned above, is available in only rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.[7] See Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Also, the record does not indicate that Butler was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. Finally, Butler's status as an unskilled layperson does not excuse the delay.[8]

---

[7] Any argument that Butler is entitled to equitable tolling based upon postconviction counsel's failure to earlier pursue state postconviction relief, thereby preventing him from earlier pursuing federal habeas corpus relief, would be unsuccessful. The Eleventh Circuit Court of Appeals has held that an attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling in that any miscalculation or misinterpretation by counsel in interpreting the plain language of the statute does not constitute an extraordinary circumstance. Steed v. Head, 219 F.3d 1298, 1300 (11 Cir. 2000). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1313 (11 Cir. 2001), cert. denied, 535 U.S. 1080 (2002). In holding that attorney negligence does not justify the application of the doctrine of equitable tolling, the Eleventh Circuit joined a number of other circuits which had arrived at the same conclusion. See, e.g., Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2 Cir. 2001) (finding "attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires"); Fahy v. Horn, 240 F.3d 239, 244 (3 Cir.2001) (stating that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8 Cir. 2000) (holding that counsel's confusion about AEDPA's statute of limitations does not justify equitable tolling); Harris v. Hutchinson, 209 F.3d 325, 330 (4 Cir. 2000)(stating that "[w]e cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' ... that would justify equitable tolling."); Taliani v. Chrans, 189 F.3d 597, 598 (7 Cir. 1999)(concluding that attorney's miscalculation of limitations period was not a valid basis for equitable tolling).

[8] It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. See, e.g., Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000) (citing cases); Fisher v. Johnson, 174 F.3d 710, 714 (5 Cir. 1999) (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"), cert. denied, 531 U.S. 1164 (2001); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5 Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights). See also United States v.

8

The time-bar is ultimately the result of Butler's failure to earlier prosecute state postconviction proceedings and then this federal habeas corpus petition. This petition for writ of habeas corpus filed on July 17, 2003, is untimely, and the claims of this petition are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2). The claims raised should, therefore, not be considered on the merits.[9]

It is therefore recommended that this petition for writ of habeas corpus be dismissed, as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 17th day of October, 2003.

UNITED STATES MAGISTRATE JUDGE

---

Flores, 981 F.2d 231, 236 (5 Cir. 1993)(neither an inmate's pro se status, illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10 Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause).

[9]It should be noted that the Butler raised the identical two claims presented in this federal habeas corpus proceeding in his Rule 3.850 proceeding. After a thorough review of Butler's motion, the state's response, and the record, the trial court, applying the principles established in Strickland v. Washington, 466 U.S. 668 (1984), found that Butler was not entitled to relief on his claims. The trial court judge presiding over the trial proceedings was the same judge who presided over the subject state postconviction proceedings. Where the judge presiding over the trial proceedings is the same judge presiding over the post conviction proceedings, the presumption of correctness afforded the findings of fact of the state court is particularly strong. See May v. Collins, 955 F.2d 299, 314 (5 Cir.), cert. denied, 504 U.S. 901 (1992). As indicated, the trial court's decision in the Rule 3.850 proceeding was affirmed on appeal. See Butler v. State, 837 So.2d 984 (Fla. 3 DCA 2002).

```
cc:   Phillip Butler, Pro Se
      DC# M21893
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000

      Douglas J. Glaid, AAG
      Department of Legal Affairs
      The 110 Tower, 9th Floor
      110 S.E. 6th Street
      Fort Lauderdale, FL 33301
```