United States District Court
Southern District of Florida

Phillip Butler,
 Petitioner,

vs.

James V. Crosby Jr. Sec.
 Respondents etc..

Case No: 03-21979-CIV-Ungaro-Benages

Magistrate Judge P.A. White

## Response To Inquiry of Limitation Period

Comes Now, Phillip Butler, in Pro se and hereby submits this Response to this Honorable Court's Order that was issued on October 22, 2003 by Magistrate Judge P.A. White.

The Petitioner cause is before this Court for consideration pursuant to 28 U.S.C. 2254. The Honorable Court stressed the importance of Compliance with it's Order of decision as unless Petitioner demonstrates that one of the following things occurred within one (1) year from the date the Petition was filed:

(1) The Petitioner's judgement became final by the conclusions of direct review or the expiration of the time for seeking such review;

(2) The date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed. If the applicant was prevented from filing by such state action;

(3) The date on which the Constitutional rights asserted was initially reconized by the supreme court. If the right has been newly reconized by the supreme court and been made retroactively applicable to cases on collateral review, or

(4) The date on which the factual Predicate of the claim or claims presented could have been discovered through the Exercise of due diligence.

The response of the petitioner continues:

The Petitioner, Phillip Butler, humbly asserts that his petition for Writ of Habeas Corpus is Properly before this Honorable tribunal do to the following facts:

① The petitioner Phillip Butler is currently serving a life sentence with 15 years Concurrent in Case no: 98-18181

② On April 18th 2000 Petitioner filed through undersigned Counsel a Direct Appeal of conviction and sentence in Case No: 3D99-2304/ subsequently on December 6, 2000 the court Per Curiam affirmed without a written opinion. see Butler-vs-state 774 so 2d 699 (Fla. 3d DCA 2000)

③ On October 19th 2001, Petitioner file again through undersigned counsel a Florida Criminal Procedural rule 3.850 in Case No: F98-18181/subsequently on March 21, 2002, the trial court summarily denied the motion, thereby failing to attach portions of the record to support its denial to conclusive refute Petitioners allegations.
See States Exhibits "J"

4) On May 9th 2002, the trial Court amended its Order denying Petitioners motion for Post conviction relief. see states exhibit "K".

5) On July 5th 2002, the petitioner on appeal from the denial of his post conviction relief motion rule 3.850 raised (2) claims
1. Where the time period for the filing of a motion for rehearing has expired. The trial court was without Jurisdiction to correct or Modify its original order of denial.
2. Where the trial Courts summary denial of the defendant's motion for Post-conviction relief was unsupported by record attachments conclusively refuting the defendant's grounds for relief. the case must be remanded for an evidentiary hearing.

6) On August 19th 2002, the state filed a response to the defendant's initial Brief / subsequently on september 11th 2002 the District Court PerCuriam affirmed the trial Courts order without a written opinion, see Butler-vs-state 837 so 2d 984 (Fla 3d DCA 2003) The Appellate Courts mandate was issued on February 14th 2003, in Case No: 3D02-1657.

7) On July 17th 2003 Petitioner filed this present petition for writ of Habeas Corpus

## ReLief Sought

Petitioner's grounds / issues that are presently pending before this Honorable Federal Court of the southern District of Florida came by way of Exhaustion of Judicial remedies by direct appeal and motion for Post-conviction relief motion rule 3.850. Which if granted would have mooted any for their proceedings by petitioner of appeals would have eradicated his right to file a petition for writ of Habeas Corpus pursuant to rule U.S.C. Section 2254 as he would have no standing as he would no longer be in Physical custody.

Likewise the Petitioners Meritorious petition for writ of Habeas Corpus that was filed in the third District Court of appeals in direct. Prompted a cycle of litigation that was improperly denied in a comparison/contrast to similar facts of controlling authorities of the Florida Supreme Court on violation of the Petitioner rights to equal protection and due process as guranteed by both the United States and Florida Constitution.

Thus the petitioner filing on July 17, 2003 is timely as the mandate from the third District Court of appeal under Case No: 3D02-1657 was issued on February 14TH 2003.

Therefore the petitioner prays that his cause be allowed to Proceed as he has demonstrated adherence to one or more of the four (4) factors. IT is so prayed.

Respectfully submitted

Phillip Butler

Phillip Butler # M21893

Everglades C.I.
P.O. Box 949000-C1-13L
Miami, Fla 33194-9000