United States District Court
Southern District of Florida

Phillip Butler
   Petitioner,

Case No: 03-21979-CIV-UNGARO-BENAGES

-v-

James V. Crosby, Jr. etc...
   Respondents,

## Petitioner's Objection To Magistrate's Report And Recommendation

Comes Now, Petitioner Phillip Butler in Pro Se. Respectfully files his Objection to the Magistrate's Report and Recommendation dated, October 17th 2003. Thereby Requesting a "De Novo Determination" Pursuant to Federal Civil Procedure Rule 28 U.S.C. 636(b)(1)(C)(2003) and Rule 8(a)(b)(3)(4) 2003, based on the following:

On <u>July 17th 2003</u> Petitioner filed a Habeas Corpus Pursuant to Federal Civil Procedure Rule 28 U.S.C. 2254, Attacking His Convictions and Sentence for Count One(1) Assault and Battery while Armed, Count 2-5, Armed Kidnapping, Count 6-9, Attempted Armed Robbery entered on August 6th 1999, followed by a July trial in Dade County, Florida in Case No: F98-18181 C.F.

This cause had been referred to the undersigned Magistrate Judge P. A. White for consideration and report pursuant to 28 U.S.C. 636(b)(1)(B) and Rules 8 and 10 of the Rules governing section 2254 cases in the United States District Courts.

For it's consideration of this petition the court has the Respondents response to an Order to show cause with multiple exhibits (DE#7). The Petitioner's initial Habeas Corpus raised the following claims:

1. Deprivation of rights as secured by the sixth and fourteenth amendments to the United States Constitution though ineffective assistance of counsel by counsel's failure to object to the jury panel and move for a mistrial.

2. Deprivation of rights as secured by the fourteenth amendment to the United States Constitution. Due Process and Equal Protection clauses, when the state appellate court fails to follow the law.

## Procedural History

On June 19TH 1998. Petitioner was charged by information with one (1) Count of assault or battery while armed, Counts 2-5 armed Kidnapping and Counts 6-9 attempted armed Robbery. After Jury trial. Petitioner was found Guilty and Adjudicated guilty of all crimes charged in the information.

On August 6st 1999, Petitioner was sentenced to concurrent terms of Life imprisonment as to Count (1) thru (5), and Concurrent terms of 15 years as to Count (6) thru (9) (DEF 7; Ex. D). On Direct Appeal Petitioner raised (2) issues.

    1. The trial court committed error in failing to suppress the in court identification of Butler when the identification was irreparably tainted by an unduly suggested show-up.

    2. The State improperly attack on Defense counsel and Golden Rule Argument constitute fundamental error.

On December 6st 2000. The Third District Court of Appeals Per Curiam affirmed the conviction without a written opinion see. <u>Butler -v- State</u>. 774 so 2d 699 (Fla. 3. DCA 2000). Mandate issued on December 22nd 2000.

On October 19th 2001, Petitioner filed a Post-Conviction Motion for Relief, Pursuant to Fla. Crim. P. R. 3.850, Raising (2) Issue's

1. Trial Counsel failed to investigate defense witnesses who would have offered Exculpatory Evidence.

2. Trial Counsel failed to move to strike the Venire durning Jury selection where a Prospective Juror indicated that she had been the victim of an Armed Robbery when she was with Her Five year old son.

Subsequently, After the states Response, On May 9th 2002, the trial Court denied the Petitioner's Motion for Post-Conviction Relief, Pursuant to Fla. Crim. P. R. 3.850, with a written Order. On September 11th 2002, The Appellate Court Per Curiam Affirmed without a written Opinion, See. Butler-v-State. 837 So 2d 984 (Fla. 3 DCA 2002), Mandate issued On February 14th 2003.

On July 17th 2003, Petitioner filed the instant Habeas Corpus, Pursuant to 28 U.S.C. 2254 to this Honorable Southern District Court, Raising (2) Issue's which was Presented in His Post-Conviction Relief Motion. 3.850.

On October 22nd 2003, The Honorable Court Order the Respondents to Respond to a Show Cause Order addressing Petitioner Issue's Paying

4

Attention to the statue of Limitations Period... However, in the Respondents Response, the Respondents concedes in it's Response that issues of the Habeas Corpus had been properly exhausted before state courts. SEE <u>Leonard-v-Wainwright</u>. 601 F.2d 807, 808 (5th Cir. 1979). Further, in the Respondent's Response, the Respondents asserts that the Petitioners Habeas Corpus should be dismissed as untimely filed and should not be considered on the merits. Pursuant to 28 U.S.C. 2244, based on the Assertion that the Petitioner's Habeas Corpus was due on July 2nd 2003 and Petitioners Habeas was filed on July 17th 2003, which was only (15) days over the limitation period.

However, the Magistrate's Recommendation and Report is Misconstrued, based upon the following Reasons:

1. The Petitioners Conviction and Sentence became final on December 22nd 2000, rather than March 6th 2001.

2. The Petitioners Post-Convictions Motion for Relief 3.850 was filed by undersigned Counsel on October 19th 2001 in the Circuit. Subsequently, on May 9th 2002 the Circuit Court denied the Motion and on May 9th 2002, the Circuit Court filed a written Opinion to it denial.

5

3. After Service of the Notice of Appeal, Petitioner's initial Brief, State's Response, the Third District Court of Appeal, Per Curiam Affirmed the Trial Court's Order on September 11th 2002, Mandated on February 14th 2003.

4. On June 23rd 2003, Petitioner Recieved His Appellate Trial Transcripts from undersigned Appellate Counsel, Mr. Joseph Tesmond, Esq.

5. On July 17th 2003, Petitioner filed the instant Petition for Writ of Habeas Corpus, Pursuant to Fed. R. App. P. 28 U.S.C. 2254, 2003.

Further, The Petition for Writ of Habeas Corpus should be Considered as timely, Pursuant to 28 U.S.C. 2244(d) and, the Application of the doctrine of Equitable tolling, based on the following Calculations of the Record.

On December 22nd 2000, Petitioner's Conviction and Sentence became Final, See, Butler-v-State, 774 So 2d 699 (Fla. 3 DCA 2000). Subsequently, On October 19th 2001, Petitioner filed through undersigned Counsel A Motion for Post-Conviction Relief, Pursuant to Fla. Crim. P. R. 3.850, Nearly (301 Days) tolled between the finalization of the direct Appeal and the filing of the Motion for Post-Conviction Relief 3.850. Specifically, Leaving the Petitioner Only (64 days) of untolled time, if no Relief is granted on Pending Motion for Post-Conviction Relief. R. 3.850.

On September 11th 2002, The Third District Court of Appeals, Per Curiam Affirmed the Trial Court's Order denying the Petitioner's Motion for Post-

Conviction Relief. Fla. R. Crim. P. 3.850. Entered on May 9th 2002, Mandate Issued on February 14th 2003. SEE, <u>Butler-v-State</u>, 837 So 2d 984 (Fla. 3. DCA 2003). Moreover, the limitation Period begins to run at finalization of the Appeal and Petitioner only Has (64 days) untolled, before His instant Petition for writ of Habeas Corpus is due.

Also, The Record demonstrates that Nearly (301 days) untolled between finalization of His direct appeal and the filing of His Motion for Post Conviction Relief. Fla Crim P. R. 3.850, in which Petitioner was unable to file any "Pro se Pleading", due to unavailability to Appellate Trial Transcripts. that Creates Extraordinary Circumstances that Justifies the application of the "doctrine of Equitable tolling".

As aforementioned, the Nearly (301 days) untolled should be credited to the Petitioner, due to the fact that undersigned Counsel was in full Possession of Petitioners transcripts during this time which contributed greatly to His Prompt filing this instant Petition. In the Magistrate's Report indicated the giving the Petitioner all the tolling time for which He is Entitled (i.e. 483 days while His Rule 3.850 Proceeding was Pending in state Court) SEE, <u>Page 5. Paragraph 2.</u> which is incorrect, the total amount of tolling time between October 19th 2001 and February 14th 2003 is 424 days.

In Respects, Only (153 days ~~untolled~~) between February 14th 2003 and July 17th 2003 and, If the Honorable Court should grant the Petitioner

7

the (301 days) untolled time due to the fact that Petitioner was impeded from filing in a timely manner based on exceptional circumstances beyond the Petitioners control. SEE, McCoy-v-Newsome, 953 F.2d 1252, 1258 (11th Cir.) cert denied. 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed 2d 208 (1992).

Therefore, Petitioner's Petition for writ of Habeas Corpus should be granted as timely pursuant to 28 U.S.C. 2244, 28 U.S.C. 2254 and the Honorable Court should reverse the Magistrates order of dismissal and remand to the Respondents a show cause order to address the issues upon their merits.

Respectfully Submitted

Phillip Butler

Phillip Butler #M21893
Pro Se.

## Certificate of Service

I Hereby Certify that a True and Correct Copy of the Foregoing Petitioner's Objections to Magistrate's Report Has been Furnished by U.S. Mail To: Assistant Attorney General Office, Mr. Douglas J. Glaid. 110 S.E. 6st Street. 9th Floor. Ft. Lauderdale, Florida. 33301

Phillip Butler # M21893
Phillip Butler # M21893
Pro Se.