UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 03-21979-CIV-UNGARO-BENAGES

PHILLIP BUTLER,
Petitioner,

vs.

JAMES V. CROSBY, JR.,
Respondent.
_____/



## ORDER AFFIRMING THE MAGISTRATE'S REPORT RE DISMISSAL
## § 2254 PETITION AS TIME BARRED

THIS CAUSE is before the Court upon Petitioner's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, filed July 17, 2003.

THE MATTER was referred to United States Magistrate Judge Patrick A. White. Magistrate Judge White issued a report on October 17, 2003 recommending that the petition be dismissed as time barred under 28 U.S.C. § 2244(d).[1] Petitioner filed objections to Magistrate Judge White's report on November 6, 2003, and this matter is now ripe for disposition.

THIS COURT has made a *de novo* review of the entire file and record herein, and is otherwise fully advised in the premises. The Court adopts the factual findings contained in Magistrate Judge White's report, and will summarize the relevant facts. Petitioner was charged by information with one count of assault or battery while armed, four counts of armed kidnapping and

---

[1] Section 2244(d) provides:
 (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action,
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.



four counts of attempted armed robbery. Response to Order to Show Cause, at Exhibit A. Following a jury trial, Petitioner was found guilty on all counts and, on August 6, 1999, was sentenced to concurrent terms of life imprisonment for the crimes of assault or battery while armed and armed kidnapping, and sentenced to concurrent terms of incarceration of fifteen years for each count of attempted armed robbery. *Id.* at Exhibits B-D. Petitioner prosecuted a direct appeal of this criminal conviction alleging that the trial court failed to suppress the tainted in-court identification of Petitioner and that the prosecution was allowed to improperly attack Petitioner's trial counsel and to make a "golden rule" argument at trial. *Id.* at Exhibit E. On December 6, 2000, the Florida Third District Court of Appeal affirmed Petitioner's conviction per curiam without a written opinion, *Butler v. State*, 774 So.2d 699 (2000), and on December 22, 2000 the mandate issued, Response to Order to Show Cause, at Exhibit G.

On October 19, 2001,[2] Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, asserting two claims of ineffective assistance of trial counsel. Response to Order to Show Cause, at Exhibit H. On May 9, 2002, the trial court denied Petitioner's Rule 3.850 motion, *Id.* at Exhibits I, K, and on September 11, 2002 the Third District Court of Appeal affirmed the denial of Petitioner's motion for postconviction relief per curiam without a written opinion, *Butler v. State*, 837 So.2d 984 (2002), for which the mandate issued on February 17, 2003, Response to Order to Show Cause, at Exhibit N.

On July 17, 2003,[3] Petitioner filed the pending federal habeas corpus petition, seeking to vacate his state court conviction for the following two reasons: (1) Petitioner's trial counsel failed to object during jury selection when a prospective juror indicated that she had been the victim of an armed robbery when she was with her five-year old son; and (2) the trial court's entry of two orders,

---

[2] This date was determined according to the date on which Petitioner's Rule 3.850 motion was filed with the clerk of the court.

[3] This date is determined according the "mailbox" rule set forth in *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

2

the first on March 22, 2002 initially denying without explanation Petitioner's Rule 3.850 motion and a supplementary order on May 9, 2002 providing a rationale for the trial court's holding, abridged in some unexplained way Petitioner's rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment. Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By a Person in State Custody, at 5C-5E.

Judge White concluded that Petitioner's habeas corpus petition was barred by the one-year statute of limitations imposed by § 2244(d) after considering the chronology included in the petition itself by which Petitioner has attempted to establish the timeliness of his filing. Judge White found first that Petitioner's conviction became final on March 6, 2001, ninety days after the issuance of the order affirming upon direct appeal Petitioner's convictions and at which time Petitioner's right to petition the United States Supreme Court for a writ of certiorari from his direct state court appeal expired. *See Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002) (adopting the following rule to determine when a conviction becomes final under § 2244(d): absent a determination by the United States Supreme Court on the merits of the defendant's appeal or the Supreme Court's denial of certiorari, "the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires"); Supreme Court Rule 13.1 (providing that a petition for a writ of certiorari must be filed within ninety days of the date of the entry of the judgment by a state court of last resort). Magistrate Judge White then found that the statute of limitations was tolled for 483 days between October 19, 2001 and February 17, 2003 during the pendency of Petitioner's Rule 3.850 proceeding pursuant to § 2244(d)(2). Magistrate Judge White concluded that the statute of limitations expired on July 2, 2003--fifteen days before Petitioner filed his petition for federal habeas relief--and found the petition time-barred by operation of the statute of limitations imposed by § 2244(d)(1).

In calculating the July 2, 2003 date, Magistrate Judge White explicitly rejected Petitioner's argument that he should be entitled to an additional eighteen days of tolling under § 2244(d)(2) because he notarized and submitted his Rule 3.850 motion to his attorney on October 1, 2001, although it was not filed by counsel until October 19, 2001. The magistrate correctly found

3

that Petitioner was not entitled to calculate the date of filing his motion for state postconviction relief based on the date of his notarization of the Rule 3.850 motion because the benefits of the "mailbox rule" which he invokes are available only to pro se litigants, while he was represented by counsel during these proceedings. *See Turner v. Singletary*, 46 F.Supp. 2d 1238, 1242 (N.D. Fla. 1999) ("The mailbox rule was judicially created for the benefit of a very narrow class of persons who have 'no recourse other than to entrust [their] court filings to prison authorities over whom [they have] no control.' It was not created for the benefit of prisoners who are represented by counsel." (alterations in original) (quoting *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993))). Magistrate Judge White also considered and rejected the argument that Petitioner was entitled to an additional amount of equitable tolling based on the alleged negligence of his state appellate counsel in pursuing postconviction relief. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly. Mere attorney negligence does not justify equitable tolling.").

Although Petitioner's objections are difficult to understand as they seem to be self-contradictory and, in some places, contrary to Petitioner's interests, the Court has construed Petitioner as arguing that the statute of limitations should be equitably tolled for an additional 301 days because he did not have access for this amount of time to transcripts or copies of the court proceedings during the direct appeal of his conviction. This objection fails to warrant equitable tolling of the bar imposed by § 2244(d).

The Eleventh Circuit has emphasized consistently that equitable tolling is appropriate only in "extraordinary circumstances" where a habeas petitioner demonstrates both events beyond his control and his due diligence in the prosecution of his habeas petition. *Steed*, 219 F.3d at 1300; *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Not only has Petitioner failed to present evidence of either circumstances beyond his control or his diligence in pursuing the claims asserted in his federal habeas petition, he has failed even to explain why the transcripts or copies to which he refers were necessary to the preparation of his petition, why these documents were

4

unavailable to him or what steps he took to retrieve these documents. Petitioner has completely failed to establish a basis for the equitable tolling of an additional amount of time or for the recalculation of the timeliness of his habeas petition. Accordingly, it is hereby

ORDERED AND ADJUDGED that Magistrate Judge White's report of October 17, 2003 is AFFIRMED, ADOPTED and RATIFIED, and Petitioner's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody is DISMISSED AS TIME-BARRED pursuant to 28 U.S.C. § 2244(d).

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of June, 2004.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
U.S. Magistrate Judge White
  Phillip Butler    , pro se
counsel of record